**AMERICAN HOME ASSURANCE COMPANY, Plaintiff–Counter Defendant–Appellee,**

v.

**Billy Carl STEPHENS, Defendant–Counter Claimant–Appellant,**

**Rory Ross, Defendant–Appellant.**

**No. 96–20192.**

United States Court of Appeals, Fifth Circuit.

April 29, 1998.

John Francis Sullivan, III, Reagan Mark Brown, Fulbright & Jaworski, Houston, TX, William Wendell Hall, Fulbright & Jaworski, San Antonio, TX, for American Home Assur. Co.

James Bradley Lewis, Peter M. Kelly, Glover, Anderson, Chandler & Uzick, Houston, TX, for Stephens and Ross.

James Richard Harmon, Thompson, Coe, Cousins & Irons, Dallas, TX, for RLI Ins. Co.

ON SUGGESTION FOR REHEARING EN BANC AND ALTERNATIVE REQUEST FOR CERTIFICATION OF QUESTION TO THE SUPREME COURT OF TEXAS

Before POLITZ, Chief Judge, and REAVLEY and DENNIS, Circuit Judges.

PER CURIAM:

Treating the suggestion for rehearing *en banc* as a petition for panel rehearing, and considering the request, and opposition thereto, that questions of state law be certified to the Supreme Court of Texas, the court has determined to grant the petition for rehearing and withdraw its prior opinion.[1] Because this case involves a determinative question of state law which the Texas courts have not definitively decided, we are persuaded that we should certify the question to the Supreme Court of Texas.

---

**1.** 130 F.3d 123 (5th Cir.1997).

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS CONSTITUTION, ART. 5, § 3–C AND TEX. R. APP. P. 114

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

## I. STYLE OF THE CASE

The style of the case in which this certificate is made is American Home Assurance Company, Plaintiff—Counter Defendant—Appellee versus Billy Carl Stephens, Defendant—Counter Claimant—Appellant, and Rory Ross, Defendant—Appellant, Case No. 96–20192, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Texas.

## II. STATEMENT OF THE CASE

For a detailed account of the facts of this case we respectfully refer to our opinion No. 96–20192 (5th Cir, December 11, 1997, 130 F.3d 123).

## III. QUESTION CERTIFIED

Whether it is against public policy for an insurer to limit coverage for a therapist's non-sexual misconduct because sexual misconduct is alleged to have occurred in the same or related course of professional treatment, even though such sexual misconduct is immaterial to the non-sexual misconduct claims asserted.

## IV. CONCLUSION

We disclaim any intention or suggestion that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified. We look for guidance from our state court colleagues and note that the answer(s) they provide will be dispositive of the principal issue on appeal in this case. The record in this action, together with the copies of the parties' briefs, is transmitted herewith.

Treating the suggestion for rehearing *en banc* as a petition for panel rehearing, we GRANT the petition for rehearing, WITHDRAW our previous opinion No. 96–20192, and GRANT the alternative request for certification, CERTIFYING the question stated above to the Supreme Court of Texas.

REAVLEY, Circuit Judge, dissenting.

I respectfully disagree with the question certified, because it assumes that the damages from sexual misconduct are excluded from the $2.9 million judgment against the insured. The record does not support that assumption. Therefore, the question certified is hypothetical and not determinative of this appeal. I would certify to the Texas Supreme Court a question of the public policy on the sexual misconduct provision of the insurance policy.