# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-20192

AMERICAN HOME ASSURANCE
COMPANY,

Plaintiff-Counter-Defendant-Appellee,

versus

BILLY CARL STEPHENS,

Defendant-Counter-Claimant-Appellant,

RORY ROSS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

January 25, 1999

Before REAVLEY, POLITZ, and DENNIS, Circuit Judges.

PER CURIAM:

The facts of this case are set forth in detail in our original opinion, **American Home Assurance Co. v. Stephens**, 130 F.3d 123 (5th Cir. 1997).  In that opinion, we reversed the district court's grant of summary judgment in favor of American Home Assurance Company, concluding that the provision in the insurance policy, limiting coverage for a therapist's non-sexual misconduct because unrelated sexual

misconduct occurred in the course of professional treatment, was against public policy.[1] Judge Reavley dissented, being persuaded that Texas courts would not find the insurance provision to be contrary to public policy.[2]

On panel rehearing, we withdrew our prior opinion and certified the following question to the Supreme Court of Texas:

> Whether it is against public policy for an insurer to limit coverage for a therapist's non-sexual misconduct because sexual misconduct is alleged to have occurred in the same or related course of professional treatment, even though sexual misconduct is immaterial to the non-sexual misconduct claims asserted.[3]

The Supreme Court of Texas accepted our certification and answered the certified question in the negative, concluding that Judge Reavley correctly applied Texas law in his dissent to the original panel opinion.[4] Therefore, in this diversity jurisdiction action, being informed that the Supreme Court of Texas would not find the insurance provision before us to be contrary to public policy, and because the other claims of alleged error are without merit, the judgment of the district court

---

[1]**Id.** at 126-28.

[2]**Id.** at 128-30 (Reavley, J., dissenting).

[3]**American Home Assurance Co. v. Stephens**, 140 F.3d 617 (5th Cir. 1998) (panel rehearing).

[4]**American Home Assurance Co. v. Stephens**, No. 98-0396, 1998 WL 831250 (Tex. Dec. 3,1998) (per curiam).

is AFFIRMED.