**Douglas O. HENSON & International Aero, Inc., Petitioners,**

v.

**ESTATE OF Bruce L. CROW, Respondent.**

No. C–6269.

Supreme Court of Texas.

June 17, 1987.

Rehearing Denied Sept. 16, 1987.

---

Dennis G. Brewer, Sr., Brewer, Brewer, Suggs & Associates, Irving, for petitioners.

L. Nelson Hall, Head & Kendrick, Corpus Christi, for respondent.

WALLACE, Justice.

This is a suit on an oral lease of real property. Douglas O. Henson and International Aero, Inc. sued Bruce L. Crow for rental payments due under an oral lease. Shortly prior to trial, Bruce L. Crow died and his attorney filed a Notice of Death. Henson filed an amended petition naming the Estate of Bruce L. Crow as defendant. The attorney who had represented Crow filed an amended answer on behalf of the Estate of Bruce L. Crow. Trial was had on those pleadings. The trial court rendered judgment that Henson take nothing. In an unpublished opinion, the court of appeals affirmed the judgment of the trial court. We affirm the judgment of the court of appeals.

The record of the case contains no statement of facts. The trial court filed find-ings of fact and conclusions of law. The sole point addressed by the court of appeals was "whether, as a matter of law, a deposition may *never* be the basis of judicial estoppel." We do not find it necessary to address that question.

The dispositive question before us is the holding of the trial court that the Estate of Bruce L. Crow was not a legal entity and cannot be sued as such. This holding is correct. *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975).

Henson contends that Crow's attorney, by filing an answer on behalf of the estate, waived the error of no legal entity being named. He cites as authority cases in which the personal representative of the estate appeared and participated in the trial. Our facts are distinguishable. Here, no personal representative made an appearance. There is nothing in the record to show that the attorney was representing the personal representative of the estate.

Henson further contends that error was waived by a failure of the Estate of Crow to except to the defect in Henson's pleadings. This merely begs the question. Inasmuch as no legal entity was named as a defendant, there was no one to except to the pleadings or waive any defect therein.

The judgments of the courts below are affirmed.