William Webster GREGG, Appellant,

v.

Charles BARRON, as Representative of the Estate of O.B. Barron, Deceased, and as the Sole Heir of O.B. Barron, Deceased, Appellee.

No. 2–97–313–CV.

Court of Appeals of Texas, Fort Worth.

June 4, 1998.

Sheri Cravens, Harold White, Banner, Briley & White, L.L.P., Wichita Falls, for Appellant.

Donald W. Mills, Coleman & Mills, P.C., Dallas, for Appellee.

Before DAY, LIVINGSTON and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

### I. INTRODUCTION

Appellant William Webster Gregg appeals from the trial court's entry of summary judgment in favor of Charles Barron (Charles) in Gregg's personal injury suit. In five points, Gregg contends the trial court erred in granting Charles's motion for summary judgment. We reverse the trial court's judgment and remand the case to the trial court for further proceedings.

## II. FACTUAL BACKGROUND

On February 10, 1994, Gregg was involved in a car accident with O.B. Barron. O.B. Barron died intestate on April 28, 1994. On July 17, 1995, Gregg filed suit to recover personal injury damages suffered in the accident. Gregg's original petition named the "Estate of O.B. Barron, Deceased" as defendant and listed Charles as the child and heir of O.B. Barron. Gregg served process on Charles on July 26, 1995 and Charles filed an answer. Later, Charles, through his attorney, filed a jury demand and answered Gregg's interrogatories, including one that asked to "[i]dentify the representative of O.B. Barron, Deceased." Although Charles objected to the interrogatory, he answered that he was the son of O.B. Barron.

The applicable statute of limitations ran on February 10, 1997. On April 9, 1997, Gregg amended his petition to sue "Charles Barron, as the Representative of the Estate of O.B. Barron, Deceased and as the Sole Heir of O.B. Barron, Deceased." On June 9, 1997, Charles moved for summary judgment on the ground that the claim was barred by the statute of limitations. Specifically, Charles asserted that Gregg's cause of action was barred under section 16.003 and 16.062 of the Texas Civil Practices & Remedies Code "for failure to sue a recognizable legal entity within the allotted period of time, namely three years." In his brief supporting motion for summary judgment, Charles asserted that: (1) Gregg's action was barred because the Estate of O.B. Barron was not a legal entity; (2) no one has ever been named representative of the estate; and (3) he was not made a defendant until three years after the accident.

In his response, Gregg argued the statute of limitations was tolled because Charles was aware of the suit, participated in the suit, was not mislead, and was not disadvantaged. At the September 5, 1997 hearing on the motion, Charles argued there was no summary judgment evidence that he received any assets from his father's estate. Gregg argued that the assets from the estate automatically went to Charles as a matter of law under the applicable probate laws. The trial court granted summary judgment in favor of Barron.

## III. DISCUSSION

### A. Standard of Review

■ A defendant is entitled to summary judgment on the affirmative defense of limitations if the defendant conclusively shows that the statute of limitations barred the suit as a matter of law such that there are no genuine issues of material fact. *See Diaz v. Westphal,* 941 S.W.2d 96, 97 (Tex.1997); *see also Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). If the defendant meets this burden, the plaintiff must present evidence in avoidance of the limitations defense. *See Palmer v. Enserch Corp.,* 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.). Thereafter, the defendant must conclusively negate any relevant tolling doctrines asserted in the trial court. *See Diaz,* 941 S.W.2d at 97–98.

■ The summary judgment motion itself must expressly present the grounds on which it is made. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993). The purpose of this requirement is to provide the opposing party with adequate information for opposing the motion and to define the issues or points for the purpose of summary judgment. *See Westchester Fire Ins. Co. v. Alvarez,* 576 S.W.2d 771, 772 (Tex. 1978); *Camden Mach. & Tool, Inc. v. Cascade Co.,* 870 S.W.2d 304, 309 (Tex.App.—Fort Worth 1993, no writ).

■ In general, a party may not be granted summary judgment on a cause of action not addressed in a summary judgment proceeding. *See Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983). Thus, when a defendant moves for summary judgment on only one of several causes of action, the trial court can grant summary judgment solely on that one cause of action. *See id.*

### B. Merits of Summary Judgment

Gregg brings four points: (1) Barron failed to prove the statute of limitations defense as a matter of law; (2) Barron failed to conclusively refute application of the tolling doctrine; (3) genuine issues of fact exist as to whether Gregg was mislead and had an opportunity to defend the suit before the statute of limitations ran; and (4) genuine issues of fact exist as to whether the purpose of the statute of limitations has been fulfilled.

The parties are not in dispute on several critical issues: (1) Gregg timely, but wrongly, sued the estate; (2) Charles is the son and heir of the deceased; (3) Charles was served with the petition, he filed an answer, requested a jury, and answered interrogatories; (4) the statute of limitations ran before Gregg amended his suit to sue Charles as the personal representative and/or sole heir of the deceased; and (5) no personal representative has been named for the estate.

An estate of a deceased person is not a legal entity and cannot sue or be sued as such. *See Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975). A suit seeking to establish a decedent's liability on a claim, and subject property of the estate to its payment, should usually be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries. *See Rooke v. Jenson,* 838 S.W.2d 229, 230 (Tex.1992); *Price,* 522 S.W.2d at 691.

> This case is factually similar to *Price:*
> The original petition in the present case was filed within the period of limitation, and citation was served promptly on respondent, the person who should have been named as defendant. The purpose of the suit and the nature of the claim asserted were clear from the outset, and respondent answered for the 'estate' and participated in all proceedings affecting the case.

*Price,* 522 S.W.2d at 692.

The *Price* court began its analysis by noting that the primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *See id.; see also Rooke,* 838 S.W.2d at 229; *Castro v. Harris County,* 663 S.W.2d 502, 505 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd) (stating that "[t]he statute of limitations herein involved was not created to provide a log behind which opportunistic defendants could smugly lay for two years and then emerge solemnly proclaiming their statutory rights ... ").

Based on this premise, the *Price* court held that the statute of limitations was tolled as a matter of law because the proper defendant participated in the trial while the suit was improperly framed against the "estate" of the deceased:

> [W]e think the purpose of the statutes of limitation will be given proper effect by holding that petitioner's action was commenced with the filing of the original petition. Respondent was then notified of the nature of the claim and the occurrence or transaction out of which it arose. He and his attorneys, who have represented him throughout this litigation, were then given timely opportunity to interview witnesses and to obtain such evidence as they deemed advisable to defend the suit. While petitioner made a mistake in her original petition as to the defendant that should have been sued, respondent was at all times fully cognizant of the facts and could not have been misled as to the basis of the suit, nor was he placed at any disadvantage in obtaining relevant evidence to defend the same. Under these conditions, we think it would be a misapplication of the statutes of limitation to hold that petitioner's action was barred.

*Price,* 522 S.W.2d at 692.

Charles argues *Price* is distinguishable because no personal representative has been appointed to his father's estate. However, this difference does not affect the spirit of the *Price* opinion, nor does it change the fact that Charles participated in the trial of the case. More importantly, Charles has not denied that he is the sole heir of the deceased.

At the summary judgment hearing, and now on appeal, Charles cites *Perkins v. Cain's Coffee Co.,* 466 S.W.2d 801 (Tex.Civ.

App.—Corpus Christi 1971, no writ), for the proposition that Gregg has failed to allege that the estate has been distributed to him. However, Charles did not raise this issue in his motion for summary judgment and it was not properly before the trial court when Charles discussed it at the summary judgment hearing. *See McConnell,* 858 S.W.2d at 341; *Westchester Fire Ins. Co.,* 576 S.W.2d at 772; *Camden Mach. & Tool, Inc. v. Cascade Co.,* 870 S.W.2d 304, 309 (Tex.App.—Fort Worth 1993, no writ). In any event, *Perkins* is distinguishable because the plaintiffs in that case failed to show **at trial** that the property had been distributed to the heirs. *See Perkins,* 466 S.W.2d at 801–02. Here, the case has not gone to trial and Gregg could have obtained evidence that the estate was distributed to Charles if Charles had properly raised this issue in his summary judgment motion. *See Westchester Fire Ins. Co.,* 576 S.W.2d at 772 (discussing nonmovant's need to respond to specific issues raised in the motion for summary judgment); *Camden Mach. & Tool, Inc.,* 870 S.W.2d at 309. For these reasons, we find that the trial court erred as a matter of law in granting summary judgment in favor of Charles because Gregg proved the tolling of the statute of limitations. Therefore, we sustain Gregg's first point, reverse the trial court's judgment, and remand the case to the trial court for further proceedings.