### In re FAIRFIELD FINANCIAL GROUP, INC.

No. 09–00–443–CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 16, 2000.

Decided Nov. 9, 2000.

Rehearing Overruled Dec. 7, 2000.

Stephen Sakonchick, II, Austin, for appellant.

Bill Richey, Griffin & Matthews, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This mandamus proceeding arises from an order quashing a writ of execution. Fairfield Financial Group, Inc., seeks a writ compelling the Honorable Gary Sanderson, Judge of the 60th District Court of Jefferson County, Texas, to vacate his order of September 21, 2000, in which he granted a motion to quash filed Doris Marroquin Terry, in Cause No. B 129,961, styled *First Interstate Bank of Port Arthur v. The Estate of Luis M. Marroquin, Sr., Deceased, R. William Carabelle and Mike Carpenter.*

Luis M. Marroquin, Sr. executed a promissory note payable to Allied Merchants Bank. Allied Merchants Bank became First Interstate Bank of Port Arthur. Luis M. Marroquin, Sr. died on January 30, 1987, and his wife Doris was appointed the independent executrix of his estate on February 18, 1987. Doris was the sole beneficiary of his estate. Allied Merchants Bank filed an authenticated claim dated July 8, 1987, in the probate case. First Interstate Bank of Port Arthur sued "the Estate of Luis M. Marroquin" in Cause No. B–129,961. Citation issued to "The Estate of Luis M. Marroquin, Sr., Deceased, by serving its Independent Executrix Doris E. Marroquin." The citation was served on Doris Marroquin on October 20, 1988. On November 2, 1988, acting *pro se*, Doris Marroquin filed a general denial for "the Estate of

Luis M. Marroquin." This answer is signed "Estate of Luis M. Marroquin" by "Doris Marroquin, Pro Se, Independent Executrix." On October 26, 1990, the trial court granted summary judgment for Fairfield Financial Group against "The Estate of Luis M. Marroquin, Sr., Deceased," in the amount of $282,353.19 plus attorney fees and costs.

Doris filed a final account in the probate proceeding sometime after September 1, 1999. The account acknowledges the Allied Merchants Bank claim, that the claim had been purportedly reduced to judgment in Cause No. B–129,961, and that she disputed the validity and enforceability of the judgment.

First Interstate Bank of Port Arthur assigned its rights in the note to Regency Savings Bank, F.S.B., who used Fairfield Financial Group as its agent to collect the judgment in a suit filed in the 353rd District Court, styled *Fairfield Financial Group, Inc., v. Doris Marroquin, Individually as Independent Executrix of the Estate of Luis Marroquin, Sr., as Trustee of the Doris Marroquin Trust, and as Trustee of the Luis Marroquin Sr. Family Trust*. On April 17, 2000, the 353rd District Court granted a partial summary judgment and ordered any sheriff within the State of Texas to levy on PaineWebber Inc. Account No. 65192. On July 5, 2000, PaineWebber, Inc. deposited the sums held in the account into the registry of the 353rd District Court. A writ of execution issued out of the 60th District Court on August 4, 2000. Doris, now known as Doris Marroquin Terry, filed a plea to the jurisdiction, alleging the suit was a matter within the exclusive jurisdiction of the Jefferson County Court. The 353rd District Court denied the plea.

On September 5, 2000, Doris filed a motion to quash writ of execution in Cause No. B–129,961. The motion contends the judgment is void on its face because there is no entity known as "the Estate of Luis M. Marroquin, Sr., Deceased." The trial court granted the motion, and this proceeding commenced. The real party in interest concedes mandamus will lie if the trial court abused its discretion, but contends no abuse of discretion is shown in the record.

■ A single legal issue is presented in this matter: Is a judgment valid if it is taken against a named estate, rather than the executrix for that estate?

In *Price v. Anderson's Estate*, 522 S.W.2d 690 (Tex.1975), the petition in a personal injury suit named the estate as the defendant, citation was served on the administrator, and an attorney filed an answer for the estate. *Id.* at 691. More than two years after the accident a motion to dismiss was filed on the grounds that the proper party had not been sued within the time permitted by the applicable statute of limitations. *Id.* The trial court rendered judgment that the plaintiff take nothing against either the estate or the administrator. *Id.* The Supreme Court recognized that the situation presented in the appeal was not a true misnomer case; nevertheless, the court *rejected* the argument that the suit was a nullity until the representative was joined as a party. The court held that the suit commenced with the filing of the original petition. *Id.* at 692. Our case may be distinguished from *Price* only in that the defect in pleading was litigated after judgment.

*Gregg v. Barron*, 977 S.W.2d 654 (Tex. App.—Fort Worth 1998, pet. denied), is another personal injury suit in which the plaintiff's petition named the estate as the party defendant. *Id.* at 655. No representative had been appointed for the estate. *Id.* at 656. The plaintiff served citation on the deceased's son as his "child and heir." The son filed an answer, then moved for summary judgment after limitations ran, on the grounds that the estate was not a legal entity. *Id.* The court held that limitations had been tolled by the original petition because the sole heir participated in the case, although he was not the representative of the estate. *Id.* at

656–57. Our case may be distinguished from *Gregg* only in that the defect in pleading was litigated after judgment, and in our case a representative of the estate rather than an heir filed an answer.

In *Henson v. Estate of Crow*, 734 S.W.2d 648 (Tex.1987), the defendant died while the suit was pending and a notice of death was filed. *Id.* at 649. An amended petition named the estate as the defendant, and the attorney who had represented the deceased while alive filed an answer on behalf of the estate. *Id.* The Supreme Court affirmed the summary judgment because no personal representative made an appearance, and there was nothing in the record to show that the attorney who filed the answer for the estate was representing the personal representative of the estate. *Id.* Our case is distinguishable from *Henson* because the personal representative of Marroquin's estate, acting in her capacity as independent executrix, personally filed an answer in this suit. It may also be distinguished in that the defect in *Henson* came to the attention of the trial court before judgment.

■ The Supreme Court has acknowledged that a *judgment* involving an estate may be valid. In *Embrey v. Royal Ins. Co. of America*, 22 S.W.3d 414 (Tex.2000), the trial court rendered an agreed judgment awarding a judgment to a guardian and to the estate. *Id.* at 415. In a footnote, *Embrey*, 22 S.W.3d at 415 n. 2, the Supreme Court stated:

> The Estate's representative was not named by either party, and the court of appeals' judgment lists the appellants as "James Embrey, Guardian of Donald L. McNeilly, and the Estate of Donald L. McNeilly." An estate itself is not a legal entity and therefore cannot sue or be sued. *See Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex.1987). But, if the personal representative of an estate participates in the case, the judgment involving the estate may be valid. *See Bernstein v. Portland Sav. & Loan Ass'n*, 850 S.W.2d 694, 699 (Tex.App.—

Corpus Christi 1993, writ denied). Because neither party raises this issue, we assume that Embrey is serving as the personal representative of Donald McNeilly's estate in this case.

In *Bernstein v. Portland Sav. & Loan Ass'n*, 850 S.W.2d 694, 699–700 (Tex. App.—Corpus Christi 1993, writ denied), *overruled on other grounds by Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 388 (Tex.2000), the defendant died while litigation was pending. The personal representative of the estate, who was for a period of time also a defendant in the suit in his individual capacity, filed a motion for sanctions individually and as personal representative of the estate. The case proceeded to trial against the deceased defendant, and the judgment was entered against the estate. *Id.* at 700. The Court of Appeals held, "the judgment against the personal representative is valid, even though it was incorrectly entered against the estate." *Id.* The only distinctions to be made from our case are that Marroquin died before the suit was filed and Doris was never sued in her individual capacity.

In *Estate of C.M. v. S.G.*, 937 S.W.2d 8, 10 (Tex.App.—Houston [14th Dist.] 1996, no writ), the plaintiff named an estate as defendant without any reference to the personal representative. The deceased's husband was a defendant in his individual capacity, and he was also the deceased's executor, but he maintained separate counsel from the estate and the record did not reflect that he acted in the suit in his capacity as executor. *Id.* at 10. The court held the executor did not adopt the case on behalf of the estate. *Id.* Doris, on the other hand, filed an answer on behalf of the estate in her capacity as executrix of the estate.

■ A suit seeking to establish a decedent's liability on a claim and subject property of the estate to its payment should be instituted against the personal representative. *See Price*, 522 S.W.2d at 691. Where the suit names the estate,

rather than the personal representative of that estate, the trial court will be vested with jurisdiction if the personal representative is served with citation and participates in the suit in her capacity as personal representative of the estate, and the resulting judgment will be valid even if it names the estate rather than the personal representative in her official capacity. *See Bernstein,* 850 S.W.2d at 699–700. Doris Marroquin Terry was served with citation in her capacity as executrix of the estate of Luis M. Marroquin, Sr., and participated in the suit by filing an answer in the suit in her capacity as executrix of the estate. The judgment taken by First Interstate Bank against the Estate of Luis M. Marroquin, Sr., bound the personal representative in her official capacity. The judgment is valid and not subject to collateral attack for being taken against a non-entity. We hold the trial court abused its discretion in granting the motion to quash the writ of execution.

The petition for writ of mandamus is conditionally granted. We are confident, however, that Judge Sanderson will vacate his September 21, 2000, order quashing the writ of execution. The writ will not issue unless he fails to vacate the order.

WRIT CONDITIONALLY GRANTED.