Sandra MILLER, Appellant,

v.

ESTATE OF John C. SELF, Appellee.

No. 06–02–00129–CV.

Court of Appeals of Texas,
Texarkana.

Submitted July 16, 2003.

Decided July 23, 2003.

---

Ernest L. Cochran, Law Offices of Ernest L. Cochran, Texarkana, for Appellant.

James L. Cook, Dunn, Nutter & Morgan, LLP, Texarkana, for Appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Sandra Miller and John C. Self were involved in an automobile accident near the intersection of Jefferson Avenue and Interstate 30 in Texarkana, Arkansas. On November 13, 2000, Miller filed suit against Phase One Concrete and Self in Bowie County, Texas. Phase One Concrete is a Texas business and is the owner

of the truck Self was driving at the time of the accident. On August 13, 2001, the trial court granted summary judgment in favor of Phase One Concrete.

Before the lawsuit was filed, Self died from causes unrelated to the accident. On December 5, 2001, Miller filed an amended petition naming the Estate of John C. Self as the defendant. The amended petition was served on David Carter, who was the temporary administrator of Self's estate. After a jury trial June 4, 2002, a verdict of $125,000.00 was returned in favor of Miller.

On June 7, 2002, the Estate of Self filed a motion to dismiss for lack of jurisdiction, alleging the temporary administrator should have been sued, not just the estate. The trial court granted the motion to dismiss July 9, 2002. Miller brought this appeal, alleging four points of error: (1) the trial court erred in granting the Estate of Self's motion to dismiss because it failed to plead by verified pleading under Tex.R. Civ. P. 93 there was a defect in the parties; (2) the trial court erred in granting the Estate of Self's motion to dismiss because the actual representative of the estate participated in this action; (3) the trial court erred by not granting Miller's motion to file a trial amendment; and (4) the trial court erred in granting the Estate of Self's motion to dismiss because the estate was served with disclosure requests in the name of John C. Self, yet it failed to bring the pleading defect to the attention of the plaintiff.

It has long been settled that the "estate" of a decedent is not a legal entity and may not sue or be sued as such. *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975). A suit seeking to establish the liability of an estate should be filed against the personal representative or, in certain circumstances, the heirs or beneficiaries. *Id.* Miller maintains,

however, the Estate of Self waived this issue because the estate failed to plead by verified pleading under Tex.R. Civ. P. 93 that there was a defect in the parties. Rule 93 requires certain pleadings to be verified by affidavit, including claims (1) that the plaintiff has not legal capacity to sue or that the defendant has not legal capacity to be sued; (2) that the plaintiff is not entitled to recover in the capacity in which he or she sues, or that the defendant is not liable in the capacity in which he or she is sued; and (3) that there is a defect of parties, plaintiff or defendant. Tex.R. Civ. P. 93(1), (2), (4).

In *Estate of C.M. v. S.G.,* 937 S.W.2d 8, 10 (Tex.App.-Houston [14th Dist.] 1996, no writ), the Houston court held not naming the personal representative of an estate in a lawsuit was a matter of fundamental jurisdiction that cannot be waived. The analysis in *Estate of C.M.* was based on the Texas Supreme Court case of *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987), which concluded that, when no legal entity is named in a suit, there is no one to except to the pleadings or waive any defect therein.

In *Henson,* the plaintiff sued the defendant for rental payments due under an oral lease. *Id.* The defendant died shortly before the trial. *Id.* Henson amended his petition and named the Estate of Bruce L. Crow as the defendant. *Id.* The trial was had on those pleadings. *Id.* The Texas Supreme Court concluded that the dispositive issue of the case was whether the trial court was correct in holding the Estate of Bruce L. Crow was not a legal entity and could not be sued as such. *Id.* The court affirmed the trial court's decision. *Id.* Like the case before us today, Henson argued the Estate of Crow had waived the error by failing to except to the defect in Henson's pleadings. *Id.* The Texas Supreme Court rejected that argument, say-

ing, "This merely begs the question. Inasmuch as no legal entity was named as a defendant, there was no one to except to the pleadings or waive any defect therein." *Id.*

■ The reasoning of the Texas Supreme Court in *Henson* is controlling over Miller's first point of error. The Estate of Self is not a legal entity. Because no legal entity had been named as defendant in the suit, there was no one to except to Miller's pleadings or to waive any defect found within them. Miller's first point of error is overruled.

■ Miller also contends the trial court erred in granting the motion to dismiss because the personal representative of the estate participated in this action. As discussed above, a suit seeking to establish the liability of an estate should be filed against the personal representative of the estate because the estate itself is not a legal entity and may not be sued as such. In fact, a court's jurisdiction over an indispensable party is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter. *Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex. App.-Houston [1st Dist.] 1991, no writ).

■ However, in those instances where the suit names the estate, rather than the personal representative of that estate, the trial court will be vested with jurisdiction if the personal representative is served with citation and participates in the suit in his or her capacity as the personal representative of the estate. *In re Fairfield Fin. Group, Inc.*, 29 S.W.3d 911, 914–15 (Tex.App.-Beaumont 2000, orig. proceeding). In such circumstances, the resulting judgment will be valid even if it names the estate rather than the personal representative in his or her official capacity. *Id.* at 915. In this case, there is no dispute as to whether David Carter, the personal representative, was served. The dispositive issue is whether he participated in the lawsuit.

In *Bernstein v. Portland Sav. & Loan Ass'n*, 850 S.W.2d 694, 700 (Tex.App.-Corpus Christi 1993, writ denied), the court concluded the personal representative participated in the lawsuit by filing a motion for sanctions "individually and as Personal Representative of the Estate," by filing a supplemental memorandum in support of that motion, and by later filing motions and amended answers on behalf of the personal representative and the estate. In *Price*, 522 S.W.2d at 692, the personal representative participated by "answer[ing] for the 'estate' and participat[ing] in all proceedings affecting the case." In *Dueitt*, 802 S.W.2d at 861, the personal representative participated when he verified under oath the allegations of the plaintiff's petition and plaintiff's response to the defendant's motion for summary judgment. The court concluded the personal representative's actions constituted an adoption of the plaintiff's position in the suit. *Id.*

In contrast, the court in *Supak v. Zboril*, 56 S.W.3d 785, 794 (Tex.App.-Houston [14th Dist.] 2001, no pet.), determined the personal representative had not participated in the lawsuit even though he was present at the trial and was introduced to the jury as the representative of the estate. Additionally, the court in *Henson*, 734 S.W.2d at 649, found nothing in the record to indicate the attorney of the estate also represented the personal representative and found nothing else that could be construed as participation by the personal representative, who made no appearance in the case.

■ As there is no dispute that Carter was served in this case, what we must determine is whether he participated in this lawsuit. No one disputes Carter did

not attend the trial in this case. Carter did attend the hearing on the motion to dismiss, where he testified as a fact witness as to his involvement in the case. According to Carter's testimony, after he was served, he faxed the papers to the defense attorney in the lawsuit and requested that an answer be filed. Carter testified he later telephoned the defense attorney to verify that an answer had been filed. Although the record reflects an answer was filed, it appears it was filed only on behalf of the estate, without any mention of the personal representative.[1]

Carter was served in this lawsuit; however, there is no indication in the record that Carter participated in this lawsuit. He did not attend the trial in this case, and no documents were filed either by him or on his behalf in this case. Because Carter did not participate, this point of error is overruled.

■ Miller next contends it was error for the trial court not to grant his motion to file a trial amendment. Texas Rule of Civil Procedure 66 allows the trial court to permit the pleadings to be amended:

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to en-

able the objecting party to meet such evidence.

Tex.R. Civ. P. 66. A party may amend its pleadings after the verdict but before the judgment. *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 940 (Tex.1990). According to Miller, a trial amendment must be allowed in this case unless the Estate of Self was able to prove that such would cause it prejudice or surprise. *See id.* Miller contends this was a simple case, one that only involved three witnesses. She urges that the trial and the witnesses will be the same "[i]rrespective of what the Defendant is called in this case." Miller contends it would be only a waste of judicial economy to try this case again.

■ The Estate of Self contends the issue is much more basic. The Estate of Self urges us to recognize judicial economy is not the issue in the case because judicial economy cannot confer jurisdiction to a court. *See Burns v. Burns*, 2 S.W.3d 339, 345 n. 6 (Tex.App.-San Antonio 1999, no pet.). Without jurisdiction, a trial court lacks the power to decide either a question of law or fact. *See Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.*, 938 S.W.2d 743, 747 (Tex. App.-Dallas 1996, writ denied).

■ The only way the trial court could have jurisdiction over this case is if we determine Carter, the personal representative of the estate, participated in this case. Without his participation in the lawsuit, the trial court did not have jurisdiction over this case; and, without jurisdiction, the trial court did not have power to grant a trial amendment. Because we have held Carter did not participate in this lawsuit, this point of error is overruled.

---

1. The answer is styled *Sandra Miller v. The Estate of John Self* and reads, "COMES NOW Defendant, The Estate of John Self ('Estate')." Additionally, "Defendant Estate" is refer-
enced throughout the answer, while there is no mention of the personal representative within the answer filed.

As her last point of error, Miller contends the trial court erred in granting the defendant's motion to dismiss because the defendant was served with disclosure requests in the name of John C. Self, yet failed to bring the pleading defect to the attention of the plaintiff. Miller contends "[t]he disclosures which were forwarded to this Defendant specifically asked if additional parties needed to be added." She contends that, because the Estate of Self did not mention the personal representative in response to the disclosure requests, the estate has waived the issue. The logic of *Henson,* as discussed in Miller's first point of error, can also be applied to whether the Estate of Self can waive the issue by failing to disclose the personal representative as an additional party. Because no legal entity had been named as defendant in the suit, just like there was no one to except to Miller's pleadings or to waive any defect found within them, there was no one there to disclose additional parties. This point of error is overruled.

We affirm the judgment of dismissal.