Opinion filed August 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00342-CV

_____

## BRAD FARRIS, Appellant

## V.

## ESTATE OF ELLA CHRISTINE FARRIS, Appellee

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CV25,279**

## M E M O R A N D U M   O P I N I O N

In this forcible entry and detainer case, the justice court entered a judgment in favor of the Estate of Ella Christine Farris (the Estate) and against Brad Farris (Farris), in which it granted the Estate possession of certain premises along with the right to a writ of possession. Farris appealed that ruling to the Midland County Court at Law No. 2, and after it heard the case, it upheld the judgment of the

justice court. It ordered that the Estate was entitled to possession of the property and that Farris and all other occupants were to vacate the premises. We modify and affirm.

Ella Christine Farris died and left a written will in which she named her daughter, Kimberly Ann Hutchins, and her son, Brad Farris, co-independent executors of her estate. In that will, she gave certain property to specific people and the residuary of her estate to "my descendants who survive me." Farris and Hutchins were the only descendants who survived Ella Christine. The house and real property at 3202 Camarie in Midland were a part of that residuary estate. Farris had lived in the house with his mother before she died, and he continued to live there after she died.

Farris declined to serve as a co-independent executor of the Estate, and Hutchins qualified as the independent executor of the Estate. Hutchins tried to get Farris to vacate the premises voluntarily so that the property could be sold, but he would not move out; the Estate sued him in justice court. He remained in the house throughout the justice court suit and the appeal to the county court at law. The Estate was the prevailing named party in both courts.

In the first of two issues, Farris claims that the Estate did not have standing in this lawsuit. It is true that an estate may not sue or be sued. *Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987). An estate is not a legal entity and, therefore, is not a proper party to a lawsuit. *Bernstein v. Portland Savs. & Loan Ass'n*, 850 S.W.2d 694, 699 (Tex. App.—Corpus Christi 1993, writ denied). Even though it was not a proper party, the Estate was repeatedly treated as the party entitled to possession of the property in this case from the historical beginning of the case through the appeal to the county court at law. And, in the briefs in this court, the parties continued to designate the Estate as the appellee. The same is

true of the reference line in a July 25, 2013 letter written to the clerk of this court by Hutchins's lawyer.

However, in situations where the personal representative of an estate participates in a case, the judgment may be valid even if an estate has been improperly named as a party.

We believe that to be the case here. Hutchins correctly observes that, if the personal representative of an estate actively participates in a trial and if that participation is reflected in the record, a judgment involving the estate is valid. *In re Fairfield Fin. Group, Inc.*, 29 S.W.3d 911, 914–15 (Tex. App.—Beaumont 2000, no pet.). Here, Hutchins was identified in various places as the independent executor of the Estate. Several times her appearance is noted as the independent executor of the Estate. Hutchins verified the petition originally filed in the justice court, and in that sworn verification, she stated that she was the plaintiff in the cause. She personally appeared when the case was called for trial as is noted in the judgments in the county court. When the county court called the case for trial in that court, the following transpired: "Shane Stokes appearing on behalf of Kimberly Hutchins. We're ready." Furthermore, in its final judgment and its judgment nunc pro tunc, the county court at law stated that the Estate appeared through Hutchins, its independent executor. We hold that, under the facts of this case, the judgment of the county court at law is a valid judgment and is binding upon Hutchins as the independent executor of the Estate. Farris's first issue on appeal is overruled.

Secondly, Farris argues that, as a tenant in common, he is entitled to possession of the house and real property. We disagree. Under the provisions of Section 37 of the Texas Probate Code, the independent executor is given the right to possess estate property. TEX. PROB. CODE ANN. § 37 (West 2003). The Estate

has not been fully administered, and until it is, there is no right to possession to be held by a residuary legatee. *Id.* Farris's second issue on appeal is overruled.

In order that this case might bear the correct name of the party entitled to possession of the house and real property, although no one has sought this relief, on the court's own motion, we modify the judgment of the trial court to show that Kimberly Ann Hutchins, as independent executor of the Estate of Ella Christine Farris, is entitled to possession of the real property at 3202 Camarie, Midland, Texas. Otherwise, we affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


August 30, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4