

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00040-CV

_____

### IN RE VICTORIA COATS, INDEPENDENT EXECUTRIX OF
### THE ESTATE OF HOBART RUTHERFORD KEY, DECEASED

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

O P I N I O N

Hobart Rutherford Key passed away during the pendency of Debra Sims' personal injury lawsuit against him. Counsel for Key filed a suggestion of death, but a writ of scire facias did not issue, and the estate representative was not substituted in place of Key at that time. The case proceeded to trial, and the jury returned a substantial verdict in favor of Sims. Only days after the verdict was returned, defense counsel filed a motion to dismiss the lawsuit on behalf of "the deceased defendant." The trial court denied the motion to dismiss and granted Sims' motion for new trial. This original mandamus proceeding emanates from (1) the trial court's denial of the defendant's motion to dismiss the lawsuit and (2) the trial court's grant of Sims' motion for new trial. Because the trial court appropriately exercised its discretion in refusing to dismiss the lawsuit and in granting a new trial, we deny the requested relief.

## I.    Background

In September 2014, Sims sued Key for the recovery of damages she sustained in an automobile accident. Key appeared and defended the lawsuit. On April 20, 2018, Key's counsel filed a suggestion of death, advising the trial court that Key had died and requesting that the court name Key's heir(s), his wife, or the administrator or executor of Key's estate as the defendant and order that the suit proceed in the representative's name. *See* TEX. R. CIV. P. 152.[1] A writ of scire

---

[1]Rule 152 provides,

> Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir.

TEX. R. CIV. P. 152.

facias was not issued, and a representative of Key's estate was not substituted in his stead at that time.

On July 30, 2018, the trial court set the case for jury trial on September 17, 2018, and the case proceeded to trial with Key as the named defendant. On September 24, 2018, the jury returned its verdict finding Key negligent in causing the collision and awarding Sims substantial damages. Three days later, on September 27, 2018, defense counsel filed a motion to dismiss for lack of jurisdiction on behalf of the deceased defendant. Counsel argued in the motion that the trial court lacked jurisdiction over the suit because Sims did not name the personal representative of Key's estate as the defendant following Key's death. The trial court did not enter judgment on the jury's verdict.

Sims responded, asking the trial court to deny the motion to dismiss and to enter judgment on the jury's verdict. Alternatively, she asked the trial court to grant a new trial. Sims also filed, on the same date, her application for writ of scire facias, asking the court to issue the writ to Victoria Coats, the independent executrix of Key's estate. Following a hearing, the trial court (1) entered an order directing the clerk to issue the writ of scire facias, (2) entered an order denying the defendant's motion to dismiss for lack of jurisdiction, and (3) granted the motion for new trial. Coats, in her capacity as the independent executrix of Key's estate, filed a petition for writ of mandamus asking this Court to order the trial court to (1) vacate its new trial order, (2) quash the writ of scire facias, and (3) dismiss the suit.

## II. Standard for Mandamus Relief

Mandamus is an extraordinary remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the petitioner has no adequate remedy

by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). It is Coats' burden to show entitlement to the requested relief. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). She must therefore show that she seeks to compel a ministerial act not involving a discretionary or judicial decision. *See Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding).

## III.    Analysis

In the trial court and in this mandamus proceeding, Coats claims that the trial court lacked jurisdiction over the case after Keys died and no estate representative was substituted in his stead. She therefore claims that the trial court had no choice but to dismiss the lawsuit.[2] Coats further claims that she has no adequate remedy by appeal because the new trial order and the writ of scire facias were issued by a court without jurisdiction to proceed. We disagree.

"A suggestion of death of a defendant notifies a trial court of the fact that a defendant died." *Hegwer v. Edwards*, 527 S.W.3d 337, 339 (Tex. App.—Dallas 2017, no pet.). "The legal consequence of that notice is a jurisdictional defect: that a defendant is beyond the power of the trial court and the case cannot proceed until jurisdiction is acquired over the legal representative of the deceased by service of scire facias." *Id.*; *see* TEX. R. CIV. P. 152. "*Scire facias* not only

---

[2]Sims likewise argues that Coats does not have standing to challenge the trial court's failure to dismiss Key as a non-party following his death. As we read Coats' petition, her complaint focuses not on any purported failure to dismiss Key, but instead on the trial court's refusal to dismiss the lawsuit. In the trial court, the defendant filed a motion to dismiss for lack of jurisdiction, claiming that the "Court [did] not have jurisdiction over this suit because Plaintiff did not name the personal representative of Defendant Key's estate." The motion concluded by stating, "Because no proper legal entity was sued in this case, the Court lacks jurisdiction to enter judgment. The Court must dismiss the case."

abrogates the common-law rule that death abates suit, but also provides for substitution of any person or persons succeeding to the rights of the original party, whether executor, administrator, heir, or person holding the same practical relation." *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 390 n.2 (Tex. 1993). "[T]he revived action is merely a continuation of the original action, and the substituted party stands in the same shoes as the original party . . . ." *Id.* And, when a defendant dies and no personal representative is served or participates in the trial, the resulting judgment is void as a matter of law. *Bevers v. Brodbeck*, No. 07-04-0475-CV, 2006 WL 2795347, at *1 (Tex. App.—Amarillo Sept. 29, 2006, pet. denied) (mem. op.).

In this case, however, the trial court declined to enter judgment on the jury verdict. Although Key had died, that fact did not deprive the trial court of subject-matter jurisdiction, which "deals with the power of a court to determine an action involving a particular subject matter as between the parties and render a certain judgment." *Kshatrya v. Tex. Workforce Comm'n*, 97 S.W.3d 825, 829 (Tex. App.—Dallas 2003, no pet.) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000)). If the defendant's death was enough to deprive the trial court of subject-matter jurisdiction, a case would end before a trial court could allow substitution under Rule 152.

Instead, when a defendant dies, the trial court only loses personal jurisdiction over the deceased defendant, not subject-matter jurisdiction over the case. Of course, because the trial court lacks personal jurisdiction over a defendant, the suit cannot proceed until the personal representative of the defendant's estate or some other suitable person is substituted as defendant. Yet, once that substitution is made, the action is revived and the case may proceed. *Estate of*

*Pollack*, 858 S.W.2d at 390 n.2. Consequently, the remedy provided by Rule 152 is substitution, not dismissal.[3]

Coats maintains that *Miller v. Estate of Self*, 113 S.W.3d 554 (Tex. App.—Texarkana 2003, no pet.), supports her position that the trial court had no jurisdiction over the lawsuit after Key died. In that case, one of the alleged tortfeasors died before the lawsuit was filed. Rather than suing the personal representative of the decedent's estate, Miller sued the decedent's estate. *Id*. at 556. After a jury verdict was returned in favor of Miller, the estate filed a motion to dismiss for lack of jurisdiction, alleging the estate administrator should have been sued rather than the estate. We held that the trial court properly dismissed the suit. *Id*.

*Miller* is inapposite to this case because the defendant in that case did not die during the pendency of the suit, and no suggestion of death was filed. Rather, the defendant died before suit was ever filed against him. Accordingly, *Miller* did not involve Rule 152, and we did not reference that rule in our opinion. Yet, Coats' citation to *Miller* does raise an interesting question that is relevant to this proceeding.

In *Miller*, we cited *Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987). In *Henson*, the defendant died during the pendency of the suit, and a suggestion of death was filed. *Id*. "Henson filed an amended petition naming the Estate of Bruce L. Crow as defendant[, and] [t]he attorney who had represented Crow filed an amended answer on behalf of the Estate . . . ." *Id*. The Texas Supreme Court affirmed the trial court's judgment that "the Estate of Bruce L. Crow

---

[3]Unlike Rule 152, which governs the death of a defendant, Rule 151, which governs the death of a plaintiff, does provide for dismissal. TEX R. CIV. P. 151 ("After service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided, the defendant may have the suit dismissed.").

was not a legal entity and cannot be sued as such." *Id.* Most significantly, the Texas Supreme Court rejected the plaintiff's argument that the estate waived any error in failing to name the personal representative, because "[i]nasmuch as no legal entity was named as a defendant, there was no one to except to the pleadings or waive any defect therein." *Id.*

Logically, if "there was no one to except to the [plaintiff's] pleadings or waive any defect therein," then there was also no one to move for dismissal. *Id.* Yet, the trial court in *Henson* granted the "estate's" motions to dismiss, and the Supreme Court affirmed that ruling. Accordingly, the question naturally arises how can a trial court grant a motion filed when there was no one with standing to file the motion in the first place?

The answer to this question is that "[t]he failure to join a jurisdictionally indispensable party constitutes fundamental error, which an appellate court is bound to notice if the error is apparent from the face of the record." *Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex. App.—Houston [1st Dist.] 1991, no writ)). Accordingly, by the time *Henson* reached the Supreme Court, it was required to dismiss the actions on its own motion. Yet, the trial court had already dismissed the action. Given the fact that dismissal was the only option available by the time *Henson* reached the Supreme Court, the trial court's dismissal was not error.[4] In short, while it would be improper for

---

[4]To fully understand this principle, it is necessary to compare the nature of the record in the trial court to the record on appeal. While a case is pending in a trial court, the record is fluid. In other words, until the trial court's plenary jurisdiction ends and jurisdiction vests in the court of appeals, the outcome of the proceeding can change. By contrast, an appellate record is static. By the time jurisdiction of the case vests in the appellate court, the trial court no longer has jurisdiction to change anything. Accordingly, when the case is still in the trial court, the named defendant has died, a suggestion of death has been filed, but no one has yet been substituted for the deceased defendant, then there is no one before the trial court who can move to dismiss. Under Rule 152, the case is suspended until that substitution has been made. Until the trial court loses jurisdiction over the case, it is still possible to substitute a defendant, and the record can change.

However, if, as in *Henson*, the plaintiff substitutes in a non-entity and the case proceeds to judgment and jurisdiction vests in the appellate court, then the record is closed and the trial court can no longer change the outcome. Accordingly, on appeal in that instance, the record will reflect that there was a judgment entered against a non-entity,

7

a trial court to dismiss a lawsuit while it is still possible to substitute in the proper party,[5] if, by the

time the case reaches the appellate court, it is impossible to do so, then dismissal was not error.[6]

While this explains the Supreme Court's ruling in *Henson*, it should be noted that the

present case presents the mirror image of the facts in *Henson*. In this case, the trial court did not

grant the motion to dismiss, it denied it. And, we are not asked to affirm the trial court's dismissal

---

and it is no longer possible that the proper party will be substituted for the deceased defendant. Therefore, once a case proceeds to judgment against a non-entity and jurisdiction vests in the court of appeals, then the only result on appeal is to affirm the trial court's dismissal because the appellate record reflects "[t]he failure to join a jurisdictionally indispensable party." *Dueitt*, 802 S.W.2d at 861. Consequently, from the appellate perspective, it cannot be said that the dismissal by the trial court was error.

[5]It is true that upon filing a suggestion of death, a plaintiff must act diligently in seeking a writ of scire facias. *Clark v. Turner*, 505 S.W.2d 941, 946 (Tex. Civ. App.—Amarillo 1974, no pet.) ("There is no express period of time within which the representative of a deceased defendant must be made a party in order that the suit may proceed . . . ; however, an unreasonable delay after the decedent's death would defeat the right of revival by the statutory method."). Therefore, upon appearing in the suit, the personal representative could argue that due to the unreasonable delay in substitution, the plaintiff is not entitled to revival under Rule 152. *Id.* The personal representative could also argue that the plaintiff abandoned the suit by failing to diligently substitute under Rule 152. *Id.* ("long delay in being made a party by one entitled to do so may be considered as an abandonment of the suit"). Also, the personal representative could raise the defense of laches by virtue of an untimely substitution. *Id*. ("[A] party who fails to prosecute a suit within a reasonable time when so entitled may [be charged] with laches and thus bar the right to proceed with the suit."). At some point, if the plaintiff does not substitute the personal representative at all, the trial court may dismiss the action for want of prosecution. *See* TEX. R. CIV. P. 165a; *Clark*, 505 S.W.2d at 946 ("[A]lthough there has been a suggestion of death of the defendant in a case, in the event that proper diligence is not used by the plaintiff to revive the action, the court would be authorized in dismissing the suit for want of prosecution."). Finally, if the plaintiff proceeds to judgment against a non-entity, the trial court—or an appellate court—could note the "failure to join a jurisdictionally indispensable party [which] constitute[d] fundamental error, which [the court] is bound to notice if the error is apparent from the face of the record." *Dueitt*, 802 S.W.2d at 691. Nevertheless, until the personal representative or other appropriate party is substituted in as defendant, there is no one before the trial court with standing to challenge the plaintiff's lack of diligence.

[6]We do not hold that a party has no appeal of a trial court's improper dismissal under Rule 152. However, nothing in *Henson* indicates that Henson ever tried to substitute in the personal representative of Crow's estate or complained that the trial court granted the dismissal motion filed by a non-entity. Rather, Henson argued that "[the deceased defendant's] attorney, by filing an answer on behalf of the estate, waived the error of no legal entity being named." *Henson*, 734 S.W.2d at 649. In the absence of any record demonstrating an attempt to substitute the personal representative or an objection to the non-entity's motion, the static appellate record required the Supreme Court to affirm the dismissal of the case due to the "failure to join a jurisdictionally indispensable party." *Dueitt*, 802 S.W.2d at 601. Under those circumstances, the Supreme Court could not say that the trial court's dismissal was error.

8

on appeal, but instead are asked to compel the trial court to make the opposite ruling by mandamus. Therefore, the procedure utilized by the Supreme Court in *Henson* is not applicable in this case.

Moreover, "the deceased defendant" filed the motion to dismiss in this case prior to Coats' entry into the lawsuit. Once a defendant dies, the defendant is, for purposes of the law, a non-entity due to death. *See Hegwer*, 527 S.W.3d at 339 ("The legal consequence of [a suggestion of death] is a jurisdictional defect: that a defendant is beyond the power of the trial court . . . ."). Although Key's attorneys later represented Coats when she entered the litigation, the attorneys were not parties to the action themselves, and they had no standing to assert the dismissal motion individually. And, until Coats entered the litigation, the defense attorneys had no client on whose behalf they could move for dismissal. Finally, even after she made her appearance, Coats did not file her own motion to dismiss.

Therefore, at the time the trial court denied "the deceased defendant's" motion to dismiss, there was no one before the trial court who could move for dismissal. To hold otherwise would eviscerate Rule 152. As noted, the remedy under Rule 152 is substitution, not dismissal. Death of the defendant does not divest the trial court of subject-matter jurisdiction, only personal jurisdiction over the deceased defendant. Rule 152 suspends the proceedings to allow for substitution of the proper party. Trial courts may dismiss cases for other reasons, such as for want of prosecution.[7] However, Rule 152 does not provide that after a reasonable time to substitute an appropriate party for the deceased defendant, the trial court may dismiss the action; rather, it only

---

[7]As noted above, upon entry into the lawsuit, the personal representative or other appropriate party can seek dismissal based on a plaintiff's failure to diligently pursue substitution, but until the appropriate party is substituted for the deceased defendant, there is no one before the trial court with standing to move for dismissal. *See supra* note 5.

authorizes substitution.[8]   Therefore, so long as substitution of the appropriate party for the deceased defendant is possible, dismissal is not appropriate under Rule 152.[9]

For this reason, the motion to dismiss filed by "the deceased defendant" in this case was essentially no motion at all.  Because this is not an appeal and because we are not presented with a record where the trial court dismissed the case anyway—as was the case in *Henson*—we cannot say that dismissal was proper.  And because there was essentially no motion to dismiss pending before the trial court, we cannot say that the trial court clearly abused its discretion in refusing to grant "the deceased defendant's" motion to dismiss.

When "the trial court reaches a decision 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law,'" it is correctable by mandamus.  *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 839).  "In determining whether the trial court clearly abused its discretion, an appellate court may not substitute its judgment for the trial court's determination . . . . Mandamus relief is only appropriate in such cases when the relator establishes that the trial court could have reached only one conclusion . . . ." *Id.* (citations omitted).  Yet, here, the trial court followed the procedures set forth in Rule 152.[10]

---

[8]*See supra* note 3.

[9]*See supra* note 5.

[10]Coats also relies on several cases in which judgment was entered against parties that were not before the court or in which the court had lost plenary power over the lawsuit. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (per curiam) (trial court granted motion for new trial after plenary power expired); *Bevers*, 2006 WL 2795347, at *1 (judgment entered against deceased defendant when personal representative was not served and did not participate in trial was void); *Supak v. Zboril*, 56 S.W.3d 785 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (judgment against deceased defendant void when no personal representative was substituted in accordance with Rule 152 and no personal representative of the deceased's estate participated in the trial).  In this case, the trial court did not enter judgment against any party not subject to its jurisdiction and did not lose plenary power over the lawsuit.

Accordingly, we cannot say that the trial court clearly abused its discretion in refusing to dismiss the lawsuit, in granting the new trial, and in ordering the clerk to issue the writ of scire facias.[11] The writ of scire facias was properly issued, and Coats answered.[12] The trial court acted within its reasonable discretion in permitting the substitution of Coats for Key and in refusing to dismiss the lawsuit. *See Clark*, 505 S.W.2d at 946–47 (no abuse of discretion in failing to dismiss case for failure to exercise reasonable diligence in seeking scire facias and substituting estate representative); *see also Valence Operating Co. v. Anadarko Petroleum Corp.*, 303 S.W.3d 435, 444 (Tex. App.—Texarkana 2010, no pet.) (decision to grant or deny motion to dismiss for failure to prosecute within the trial court's discretion); *Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 680 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (dismissal for failure to prosecute may be reversed only on a showing of clear abuse of discretion).

---

[11]In fact, because the case proceeded to a verdict against a non-entity—i.e., the deceased defendant, Key—the verdict was a nullity. *Dueitt*, 802 S.W.2d at 861 ("[A] suit on behalf of a decedent's estate is a nullity, unless the estate's personal representative appears in or participates in the suit."). Accordingly, the trial itself was a nullity. Consequently, the trial court did not need to grant a new trial, because the first trial was a nullity. Rather, it could have simply set aside the verdict and proceeded to trial after the personal representative was substituted under Rule 152. Yet, the trial court essentially set aside the void verdict by granting the motion for new trial. Thus, the trial court did not clearly abuse its discretion in granting a new trial.

[12]A hearing on the motion for new trial was held on March 5, 2019. At the conclusion of the hearing, the trial court ordered the clerk to issue the writ of scire facias and orally granted the motion for new trial. The writ of scire facias issued on March 19, 2019. On May 9, 2019, the trial court entered a written order denying defendant's motion to dismiss for lack of jurisdiction.

## IV.    Conclusion

For the above-stated reasons, we deny mandamus relief.  *See* TEX. R. APP. P. 52.8(a).


                                        Ralph K. Burgess
                                        Justice

Date Submitted:     June 26, 2019
Date Decided:       June 27, 2019