**Opinion issued March 12, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00428-CV

_____

**LISA M. CRISWELL, AS INDEPENDENT EXECUTOR OF THE ESTATE OF DOLORES SHARP, DECEASED, Appellant**

**V.**

**CATHERINE POLK, DEPENDENT ADMINISTRATOR OF THE ESTATE OF DAVID RAY ANGEL, DECEASED, Appellee**

---

**On Appeal from the Probate Court No. 3**
**Harris County, Texas**
**Trial Court Case No. 471,700-402**

---

## MEMORANDUM OPINION

This case involves a dispute over ownership of a piece of real property in Houston. Catherine Polk, as dependent administrator of the estate of David Ray Angel, sued Dolores Sharp, individually and as independent executrix of the estate

of Robert William Sharp, and asserted claims for declaratory relief, trespass to try title, breach of warranty of title, suit to quiet title, trespass to real property, and fraudulent claim against real property. Sharp asserted a counterclaim for declaratory relief. Both parties moved for summary judgment. While those motions were pending in the probate court, Sharp passed away. Lisa M. Criswell later qualified as the independent executor of Sharp's estate and participated in the proceeding.

The probate court granted partial summary judgment in favor of Polk. The court entered declarations relating to the validity of two correction instruments and a special warranty deed and ordered that title to the disputed property was vested in Polk as dependent administrator of Angel's estate. The court denied Sharp's declaratory relief counterclaim against Polk. In a separate order, the probate court ordered that Polk recover attorney's fees from Criswell in her representative capacity. The court denied Criswell's motion seeking reconsideration of the summary judgment order.

Criswell, as independent executor of Sharp's estate, filed a notice of appeal. She filed an appellate brief that raised four issues challenging the probate court's summary judgment order and its order denying reconsideration. Polk, as dependent administrator of Angel's estate, filed an appellee's brief.

Criswell did not file a reply brief. Approximately one month after Criswell's reply brief was due, Polk notified this Court that Criswell had resigned as

2

independent executor of Sharp's estate. In her resignation notice, Criswell stated that (1) Sharp's will had named her as independent executor; (2) in the event of Criswell's resignation or inability to serve, Sharp had named her daughter, Diana Lynne Angel, as successor independent executor; and (3) to the best of Criswell's knowledge, Diana Angel was qualified to serve as independent executor and not disqualified from accepting letters testamentary.

A civil suit may be maintained only by and against parties having an actual or legal existence. *Est. of C.M. v. S.G.*, 937 S.W.2d 8, 10 n.2 (Tex. App.—Houston [14th Dist.] 1996, no writ) (corr. op.). A decedent's estate "is not a legal entity and may not properly sue or be sued as such." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (quoting *Price v. Est. of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975)). A suit that seeks to establish the liability of an estate "should be filed against the personal representative or, in certain circumstances, the heirs or beneficiaries." *Miller v. Est. of Self*, 113 S.W.3d 554, 556 (Tex. App.—Texarkana 2003, no pet.).

The Estates Code allows a personal representative—including an independent executor—to resign from that position. TEX. EST. CODE § 361.001; *id.* § 22.031(a)(1) (defining "personal representative" as used in Estates Code to include "an executor and independent executor"); *see Roy v. Whitaker*, 92 Tex. 346, 356–57, 48 S.W. 892, 897 (1898). The probate court may accept the personal representative's resignation,

discharge the personal representative, and appoint a successor representative if necessary under certain circumstances. *See* TEX. EST. CODE §§ 361.002, 361.005, 361.102(a), 404.005(a). A successor representative may "make himself or herself, and may be made, a party to a suit prosecuted by or against the successor's predecessors." *Id.* § 361.153(c)(1).

In light of these authorities, we abated the appeal for the probate court to hold a hearing and determine (1) whether a successor independent executor of Sharp's estate could substitute for Criswell as the appellant in this appeal, and (2) whether the successor wished to file an appellate brief in this appeal.

The probate court held the requested hearing. Criswell's counsel confirmed that Criswell had resigned as independent executor of Sharp's estate. Polk's counsel described the dilemma she faced in trying to move forward with the case:

> [J]ust quite frankly, we don't [know] where this woman [Diana Angel] is. And our understanding is, while she is—while Ms. Criswell did say that she is not otherwise disqualified from serving, my understanding is that this is in part from the notice of closing estate that Ms. Criswell filed in February, 2023, where she laid out that Ms.—that the potential—the named successor is unable to manage her personal affairs . . . . And has been involved in—her role in—that Ms. Criswell's role in this had been to care for Diana Lynne Angel, who would have been the successor executor.
>
> At this point, I feel that we're sort of—we have this party that is just sort of a boat adrift. We have no one that has stepped forward. We have no one—we have no way of contacting this person to serve.
>
> And then, moreover, what I do find interesting and I do believe it's very relevant, is that prior to the withdrawing, Ms. Criswell, while still in her capacity as the independent executor, she said that this estate should

4

be closed. And she recognizes that there is the appeal pending; however, Diana, the successor and the heir, [has] just abandoned the property.

It does not seem as if there is any desire on the part of the people from the Sharp Estate to move this forward.

The probate court stated that it had sent a notice of the hearing to the last known address of Diana Angel, but she did not appear. The court agreed with Polk's counsel that no one had come forward seeking to be appointed as successor independent executor of Sharp's estate. It signed findings of fact, including findings that "Diana Lynne Angel has not come forward to seek appointment as successor personal representative of the Estate of Dolores Trezza Sharp" and "[n]o other person has come forward seeking appointment as successor personal representative of the Estate of Dolores Trezza Sharp."

Polk has moved to reinstate and dismiss this appeal for want of prosecution. As Polk points out, Criswell (the named appellant) has resigned from her representative capacity, and no person has notified this Court that they have or are interested in becoming a successor independent executor of the estate of Dolores Sharp. We therefore grant Polk's motion. This case is reinstated on this Court's active docket and dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3(b).

### PER CURIAM

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

5