James **EMBREY**, Guardian of Donald L. McNeilley and the Estate of Donald L. McNeilley, Appellants,

v.

**ROYAL INDEMNITY COMPANY,** Appellee.

No. 05–96–01691–CV

Court of Appeals of Texas, Dallas.

Jan. 21, 1999.

Rehearing Overruled March 23, 1999.

Bob Roberts, Law Offices of Bob Roberts, James W. Hackney, Attorney at Law, Austin, Fred Misko, Jr., Barbara E. Rosenberg, Law Offices of Fred Misko, Jr., P.C., Dallas, for Appellant.

Randy A. Nelson, Beth D. Bradley, Thompson, Coe, Cousins & Irons, L.L.P., Katherine Anne Grossman, Dallas, for Appellee.

Before Justices LAGARDE, KINKEADE, and WRIGHT.

## OPINION

SUE LAGARDE, Justice.

Appellants James Embrey, guardian of Donald L. McNeilley, and the estate of Don-ald L. McNeilley appeal the trial court's order denying them prejudgment interest on their claim against appellee Royal Indemnity Company. In three points of error, appellants complain that the trial court erred in granting Royal's motion for summary judgment because Royal failed to establish its entitlement to summary judgment as a matter of law, and in denying their motion for summary judgment. In a single crosspoint, Royal complains that the trial court erred in striking some of its summary judgment evidence. We overrule all points asserted and affirm the trial court's judgment.

■ Because appellants' points are so similar, we discuss them together. In 1986, Donald L. McNeilley suffered severe brain damage as a result of a motor vehicle accident caused by a truck owned or operated by R & D Harris Transportation, Inc. Embrey, as guardian of McNeilley, and McNeilley's estate sued R & D Harris Transportation in Fort Bend County. Royal, R & D Harris Transportation's insurer, assumed its defense. The parties settled that suit, and an agreed judgment was signed. The judgment awarded Embrey and the estate the principal amount of $678,050, which was the amount of the remaining policy limits. The settlement was not complete, however: the parties disputed whether Royal was obligated to pay Embrey and the estate prejudgment interest on their claim. Because Royal refused to do so, Embrey and the estate filed this case in Dallas County, seeking a judgment for the prejudgment interest.[1] All parties filed mo-

1. Embrey also named Royal Insurance Company of America as a codefendant, which asserted the defense that it was not a party to the insurance policy at issue. The motion for summary judgment filed on behalf of both Royal Indemnity Company and Royal Insurance Company of America asserted this defense on behalf of Royal Insurance Company of America. The summary judgment merely recites, "defendants have established that no material issues of fact exist and . . . defendants are therefore entitled to judgment as a matter of law on all of plaintiffs' claims and causes of action, and Defendants' Motion for Summary Judgment is GRANTED."

If a judgment granting a motion for summary judgment does not specify upon which ground it is based, to obtain reversal the appellant must show that all of the independent grounds alleged are insufficient to support the judgment. *Malone v. Foster*, 956 S.W.2d 573, 581 (Tex.App.—Dallas 1997), *aff'd*, 977 S.W.2d 562 (Tex.1998). Appellants' brief consistently refers to the two Royal companies in the plural, but it never contests the fact that Royal Insurance Company of America was not a party to the underlying insurance policy. It appears that Embrey and the estate abandoned their claim against Royal Insurance Company of America some time ago and that Royal Insurance Company of America remains a nominal party simply because it is represented by the same counsel representing Royal Indemnity Company. Our record, for example, contains certain stipulations central to the motions for summary judgment on both sides, but these stipulations never mention Royal Insurance Company of America directly and are signed by an individual identified as "attorney for defendant Royal Indemnity Company," again without indicating

tions for summary judgment. Royal argued that it was not obligated to pay prejudgment interest in excess of the policy limits; Embrey and the estate argued that it was. The trial court granted Royal's motion and denied Embrey's and the estate's motion.

■ Although Embrey and the estate raise three separate points of error, they all raise the same basic contention: that Embrey and the estate were entitled to prejudgment interest as a matter of law, even if the payment of the prejudgment interest would result in an award exceeding the policy limits for damages. The parties agree that Royal was obligated to pay the damages Embrey and the estate sustained to the full amount of the policy limits and, indeed, Royal has done so. Royal refused, however, to pay any prejudgment interest because the payment of such interest would put the total award to Embrey and the estate over the policy limits. The policy contained a provision requiring Royal to pay certain sums, even if they exceeded the policy limits. In a provision governing these supplementary payments, the policy stated:

> The company will pay, in addition to the applicable limit of liability:
>
> (a) all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon. . . .

The parties agree that this provision obligates Royal to pay postjudgment interest.

■ Embrey and the estate concede that the provision does not explicitly mention prejudgment interest.[2] Appellants' first argument is that the trial court erred in relying upon foreign caselaw construing similar provisions to exclude an insurer's obligation to pay prejudgment interest. They contend that Texas law differs from that of the other jurisdictions on whose authorities the trial court relied. We are not convinced, however, that Texas law would reach a different result from the one reached by the other jurisdictions. In construing an agreement, we must adhere to the maxim that "the expression of one thing is the exclusion of another thing." *Phillips Petroleum Co. v. Gillman*, 593 S.W.2d 152, 154 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.); *see also International Sec. Life Ins. Co. v. Arant*, 463 S.W.2d 523, 526 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.) (applying the principle of *exclusio unius exclusio alterius* to an insurance policy). By expressly providing for the payment of postjudgment interest, the policy's silence on prejudgment interest creates at least a presumption that Royal is not obligated to pay it.

Appellants counter, however, that prejudgment interest is not an element of damages but is, rather, a cost incidental to litigation. Because the supplementary payments provision would require Royal to pay costs, appellants conclude that it requires Royal to pay prejudgment interest as an element of costs. Again, we disagree.

The Texas Supreme Court has held that prejudgment interest sought at common law is an element of damages. *See Benavidez v. Isles Constr. Co.*, 726 S.W.2d 23, 25 (Tex.

(cont'd) that anyone is signing on behalf of Royal Insurance Company of America. If Embrey and the estate have abandoned their claim against Royal Insurance Company of America, we do not reach the merits of the summary judgment in its favor; if they have not abandoned their claim against Royal Insurance Company of America, so that we must reach the merits, we affirm the summary judgment in its favor for the reason given above.

2. Appellants do not argue that the contract is ambiguous; indeed, they argue that it unambiguously obligates Royal to pay prejudgment interest as a matter of law. Thus, they filed their own

motion for summary judgment. We agree that ambiguity is not the problem. If a written contract is silent on a matter, the question is not one of interpreting the language of the writing but rather one of determining the legal effect of the writing. *Maxwell v. Lake*, 674 S.W.2d 795, 802 (Tex.App.—Dallas 1984, no writ). Ambiguity results when the intention of the parties is expressed in language susceptible of more than one meaning, not when a contract is silent on a matter. *See America's Favorite Chicken Co. v. Samaras*, 929 S.W.2d 617, 628 (Tex.App.—San Antonio 1996, writ denied).

1987).  We also have discussed the nature of prejudgment interest:

> The term interest encompasses two distinct forms of compensation: interest as interest (*eo nomine* ) and interest as damages.  Interest as interest is compensation allowed by law or fixed by the parties for the use or detention of money.  Interest as damages is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment.  *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549, 551–52 (Tex.1985).  Strictly speaking, "interest" is a misnomer when used in reference to prejudgment interest.  The word "interest" is employed only for convenience in speaking of "an *element of damages* necessary to the complete indemnity of the injured party."

*Ellis Co. State Bank v. Keever,* 870 S.W.2d 63, 73 (Tex.App.—Dallas 1992), *aff'd in part, rev'd in part on other grounds,* 888 S.W.2d 790 (Tex.1994).  We have also held that prejudgment interest is part of actual damages, meaning damages recoverable at common law.  *See Cain v. Pruett,* 938 S.W.2d 152, 158 (Tex.App.—Dallas 1996, no writ).

Another court has stated that "[p]rejudgment interest is additional damages for the loss of use of money due as damages during the period between the accrual of the claim and the date of judgment." *LaCoure v. LaCoure,* 820 S.W.2d 228, 237 (Tex.App.—El Paso 1991, writ denied).  The Amarillo Court of Appeals has reached a similar conclusion:

> The Supreme Court of Texas has recognized two forms of interest: interest as interest (*eo nomine* ) and interest as damages.  *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549, 551–52 (Tex.1985).  Interest as interest is compensation for the use or detention of money.  *Id.* at 552.  Interest as damages is compensation allowed by law as additional damages for lost use of the money during the lapse of time between the accrual of the claim and the date of the judgment, *i.e.,* prejudgment interest.  *Id.* An award of prejudgment

interest may be based on either an enabling statute or under general principles of equity.  *Id.*

*A.V.I., Inc., v. Heathington,* 842 S.W.2d 712, 717 (Tex.App.—Amarillo 1992, writ denied).

In *Texas Department of Mental Health and Mental Retardation v. Petty,* 817 S.W.2d 707 (Tex.App.—Austin 1991), *aff'd,* 848 S.W.2d 680 (Tex.1992), *overruled on other grounds, Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995) (per curiam), the appellant argued that the enactment of former article 5069–1.05, section 6(a)[3] entitled her to prejudgment interest even though her total recovery against a state agency would then exceed the maximum allowed by the Texas Tort Claims Act.  She contended that the prejudgment interest would not be additional damages but would be compensation allowed by law for the detention of money.  The court of appeals disagreed, holding that prejudgment interest is an element of damages necessary to the complete indemnity of the injured party.  As a result, the court of appeals determined that the trial court did not err in refusing to award prejudgment interest in addition to the appellant's recovery of the maximum amount allowed by the Texas Tort Claims Act. *Petty,* 817 S.W.2d at 721–22.

Appellants cite the Texas Supreme Court and assert that it has abolished the distinction between interest as damages and interest as interest.  *See Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549, 553 (Tex. 1985).  *Cavnar* simply holds, however, that prejudgment interest is recoverable in a personal injury case.  The issue here is not whether prejudgment interest is generally recoverable but, instead, is whether an insurer should be obligated to pay in an amount exceeding its policy limits.  As Circuit Judge Reavley has noted, the Texas Supreme Court has expressed reluctance to alter the terms of an insurance contract.  *See American Home Assurance Co. v. Stephens,* 130 F.3d 123, 129 (1997) (Reavley, J., dissenting), *withdrawn,* 140 F.3d 617 (5th Cir.1998), *approved,* 42 Tex. Sup.Ct. J. 172 (Dec. 3, 1998).

**3.**  Act of June 3, 1987, 70th Leg., 1st C.S., ch. 3, § 1, 1987 Tex. Gen. Laws 51 (repealed 1997)

(current version at TEX. FIN.CODE ANN. §§ 304.102, 104 (Vernon 1998)).

We see no reason why the policy limits should not be enforced as a contract term.

Appellants also argue that compelling an insurer to pay prejudgment interest, even in excess of policy limits, is sound public policy, because it would give the insurer the incentive to settle a case or to go to trial. The Austin Court of Appeals has rejected that very argument. *University of Tex. v. Hinton,* 822 S.W.2d 197, 205–07 (Tex.App.—Austin 1991, no writ). It concluded that such a policy consideration was "a matter for the legislature's consideration in all events." *Hinton,* 822 S.W.2d at 207. We agree with the Austin court.

Finally, appellants argue that the Texas State Board of Insurance clarified the specific policy language in question to make clear that policies would provide prejudgment interest, and ordered its clarification statement to be added to the supplementary payments provision in every policy. But, in fact, only certain lines of insurance were affected by the board's clarification: it applies to boiler and machinery insurance, commercial crime insurance, farm insurance, general liability insurance, and professional liability insurance. There is no indication that the clarification was intended to apply to automobile liability insurance policies. Significantly, the clarification statement approved by the board's order was not attached to the policy at issue in this case.

We conclude that the supplementary payments provision does not require Royal to pay prejudgment interest in excess of its policy limits. Because Royal has paid damages to Embrey and the estate to the full extent of those limits, Royal is under no further obligation to Embrey or the estate under the terms of that policy. Because of our disposition of this appeal, we need not reach Royal's argument that the trial court improperly excluded some of its summary judgment evidence. We affirm the trial court's judgment.