Affirmed as Modified and Memorandum Opinion filed November 20, 2003















Affirmed as Modified and
Memorandum Opinion filed November 20, 2003.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01144-CV 


____________

 

B.R. BRICK AND MASONRY, INC., Appellant

 

V.

 

MICHAEL PHILLIPS, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from  127th District Court

                                                           Harris County, Texas                       

Trial Court Cause No. 99-14159




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R A
N D U M   O P I N I O N

            B.R. Brick and Masonry,
Inc. and Michael Phillips both appeal from a judgment favoring the former in
its indemnity action against the latter. 
After a jury trial, the trial court awarded Brick $310,000 in damages,
plus attorney’s fees.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion.[1]

            A general contractor
hired Brick to apply the stucco wall system during construction of an apartment
complex.  Brick subcontracted with Phillips
to provide the labor.  When the complex
suffered damage from water leaks, the owner[2]
filed suit against the general contractor, Brick, and others; Brick filed a
third-party action against Phillips. 
Shortly before trial, the owner settled its claims for $1.6 million, of
which Brick paid $312,000.  Phillips (who
was never sued by anyone except Brick) did not contribute anything to the
settlement.

            Brick then proceeded to
trial on its indemnity action against Phillips. 
A jury found Brick was entitled to indemnity from Phillips, and that its
settlement payment to the owner was reasonable, made in good faith, and based
on its potential liability.[3]  The trial court assessed damages in favor of
Brick in the amount of its entire settlement with the owner.  On the only damage question submitted to the
jury, the jury awarded only $12,000 for attorney’s fees through trial, and
nothing for any appeals.

            Both parties challenge
the fee award; in his cross-appeal, Phillips also challenges several underlying
rulings on which that award is based. 
Because the fee dispute must stand or fall based on the underlying
claims, we address Phillips’ points first.

Limitations

            In his first issue,
Phillips asserts the trial court erred in denying his motion for summary
judgment asserting that limitations barred any claim against him, as the
project was completed more than four years before Brick sued him.  Assuming error was preserved, we hold Brick’s
indemnity action was timely.  

            Limitations may have
barred suit by the owner against Phillips four years after completion, but the
owner did not sue Phillips.  By contrast,
Brick’s indemnity action against him did not accrue “until all of the indemnitee’s liabilities become fixed and certain.”[4]  As is often the case, Brick filed suit before it paid the claim,[5]
but limitations did not begin running until it did so.  As this occurred only a matter of weeks
before trial, Brick’s indemnity action was not time-barred.  Phillips’ first issue is overruled.

Proper Party,
Presentment, and Express Negligence

In his second issue, Phillips contends the trial court
erred in denying another motion for summary judgment, in which he asserted first
that he was not a proper party after the owner’s negligence claims against
Brick were dismissed.[6]  Again assuming Phillips preserved error,[7]
the action submitted to the jury was on Brick’s contractual claim against him
for indemnity.  Nothing in the dismissal
of the negligence action barred that claim; indeed, even if the owner’s entire suit had been dismissed, Brick
still would have been entitled to indemnity for the fees it incurred defending
against those claims.[8]  

            Also under this issue,
Phillips contends the owner’s failure to present claims to Brick should have barred
those claims, and thus any need for him to indemnify Brick.  The jurors rejected this claim—when they
found Brick had potential liability, they necessarily found the owner’s claims
were not completely barred.  Having
reviewed the only document on which Phillips apparently relies for this
objection, we cannot hold as a matter of law that presentment was a condition
precedent and thus an absolute bar to the owner’s claims against Brick.

            Finally under this
issue, Phillips contends the express negligence rule prevents any indemnity for
damages due in part to Brick’s negligence.[9]  By the time of settlement, the trial court
had dismissed the owner’s negligence claims, leaving only warranty claims.  This Court has previously held the express
negligence rule inapplicable to “non-negligence” claims.[10]  Accordingly, all the arguments raised in Phillips’
second issue are overruled.

Indemnity for
Settlement

            In his third issue,
Phillips contends the trial court erred in denying his motion for directed
verdict.  First, he simply incorporates
his limitations arguments; for the reasons discussed above, we overrule them.  

            Second, in this issue
and the following one, he contends his written contract with Brick did not
include an agreement to indemnify Brick for settlement payments (as opposed to
a judgment).  Assuming again he preserved
this issue for appeal,[11]
the contract specifically provided:

[Phillips]
agrees to hold [Brick] free and harmless of any and all claims against [Brick]
due to or claimed as arising from any work by or responsibility of [Phillips]
in whole or in part and shall fully defend and indemnify [Brick] for every
claim which may arise.

As matter of law, the contract unambiguously provided indemnity for all
claims, settled or otherwise.[12]  Accordingly, Phillip’s third and fourth
issues are overruled.

Duplicative Issues

            In his fifth issue,
Phillips contends the court erred in denying his motion for new trial.  For argument, he merely refers to his first
four issues.  For the reasons stated
above, we overrule Phillip’s fifth issue. 


            In his seventh issue,
Phillips contends the trial court erred in awarding any attorney’s fees for
appeal, as the trial court’s indemnity finding was wrong.  For the reasons stated above, we overrule
Phillip’s seventh issue.  

Attorney’s Fees

            In his sixth issue,
Phillips contends the trial court should have awarded Brick no fees, as it did
not segregate those spent defending against the owner’s claims from those spent
prosecuting the cross-claim against Phillips.[13]  At trial, Phillips argued Brick was entitled
only to the latter, and thus only to fees incurred after settling with the owner and turning solely to the cross-claim.
 Brick’s expert admitted the latter fees
were only about $12,000.  Although the
trial court rejected this argument, the jury’s $12,000 answer for trial fees
shows the jurors accepted it.  

            But the parties’ contract
required Phillips to defend as well as indemnify Brick for any claims arising
from Phillips’ work.  Thus, Phillips was
contractually bound to pay reasonable fees incurred in defending Brick, not
just those incurred in settling or in prosecuting the indemnity action thereafter.  Because Brick was entitled to both,
segregation was not required. 
Accordingly, we overrule Phillips’ sixth issue.

            In its cross-appeal, Brick
contends the trial court should have disregarded the jurors’ answers and awarded
fees for both defending and prosecuting the claims herein.  As stated above, we agree this is what the
indemnity contract required.  According
to the uncontradicted testimony of its expert, a
reasonable fee for Brick’s attorneys was $312,700.11 for trial, $40,000 on
appeal to this court, and $30,000 for appeal to the Supreme Court.  As this testimony was clear, direct and
positive, and free from the only contradictory argument raised by Phillips, we
agree.[14]  Thus, we modify the judgment to include them.

            The judgment of the
trial court, as modified, is affirmed.

 

 

/s/        Scott
 Brister

                                                                                    Chief Justice

 

Judgment
rendered and Memorandum Opinion filed November
 20, 2003.

Panel
consists of Chief Justice Brister and Justices Anderson and Seymore.

 

 











[1]
See Tex. R. App. P. 47.4.

 





[2] The successor
owner of the complex who brought suit was EQR­­-Watson General Partnership.

 





[3] See Amerada Hess Corp. v. Wood Group Prod.
Tech., 30 S.W.3d 5, 11 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied).

 





[4] Ingersoll-Rand Co. v. Valero Energy Corp.,
997 S.W.2d 203, 210 (Tex. 1999).

 





[5] See id. at 209 (noting such claims may
be brought prior to accrual in the interest of judicial economy).

 





[6]
Phillips contends joinder of him as a responsible
third party in tort was no longer proper in the absence of the negligence claim.  See Tex. Civ. Prac. & Rem. Code §§
33.002, 33.004.

 





[7]
Neither Phillips’ alleged summary judgment motion nor the order appears in the
record.

 





[8] See, e.g., Chesapeake Operating, Inc. v. Nabors Drilling USA, Inc., 94 S.W.3d 163, 167 (Tex.
App.—Houston [14th Dist.] 2002, no
pet.) (holding driller found not negligent in accident was still entitled to
attorney’s fees incurred based on contractual indemnity).

 





[9] See generally Ethyl Corp. v. Daniel Constr. Co., 725 S.W.2d 705, 708 (Tex.
1987) (“The express negligence doctrine provides that parties seeking to
indemnify the indemnitee from the consequences of its
own negligence must express that intent in specific terms.”).

 





[10] See DDD Energy, Inc. v. Veritas
DGC Land, Inc., 60 S.W.3d 880, 885 (Tex.
App.—Houston [14th Dist.] 2001, no
pet.).

 





[11] It
is not included in Phillips’s motion for directed verdict, motion for new
trial, or objection to the charge, and there appears to be no other motion he
made that the trial court denied.

 





[12] Cf. Embrey v.
Royal Ins. Co. of Am., 22 S.W.3d 414, 416 (Tex. 2000) (holding insurer’s
duty to indemnify insured for amounts he was “legally obligated to pay”
extended to settlement, but only up to policy limits).

 





[13]
Phillips does not challenge the trial court’s JNOV award to Brick of $5,000 for
appeals at each level.  





[14] See, e.g.,
Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990).