IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00026-CV

 

Providence Health Center 

a/k/a Daughters of Charity 

Health Services of Waco; AND

DePaul Center a/k/a
Daughters of

Charity Health Services of Waco,

                                                                      Appellants

 v.

 

Jimmy and Carolyn Dowell, 

Individually and on behalf 

of the Estate of JONATHAN

Lance Dowell, Deceased,

                                                                      Appellees

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court # 99-2717-4

 



DISSENTING Opinion



 








      This
is an appeal of a wrongful death and survival suit.  We should reverse and render.  Because the majority does not do so, I
respectfully dissent.

 

 

Procedural Prelude

In the past we have had so few opinions
withdrawn that no particular problems were created if the opinions were
withdrawn by an order separate from the new opinions being issued.  The problem is that over the past year we
have withdrawn numerous opinions, with and without motions for rehearing, and
when on motion for rehearing, with and without requesting responses.  Issuing multiple opinions in the same appeal
creates confusion.  A person can hold in
their hands two opinions from this Court, both certified by the clerk as
authentic, which are not the same.  Our
past practice has been that the latter normally does not reference the
existence of the earlier opinion that is being withdrawn.

          Our
past practice did not present a problem when the issuance of another opinion in
the same case was rarely done.  At least
the problem was manageable.  But due to
the greatly increased frequency of the majority issuing multiple opinions, I
thought it was an appropriate time to adopt the procedure utilized by the Texas
Supreme Court; to include the order, and explanation if needed, withdrawing the
prior opinion as the first paragraph of the new opinion.  See
e.g., Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 381 (Tex. 2000).

          This
is a simple procedure for the convenience of anyone reading the opinions to
understand, and easily determine which opinion is the Court’s final
opinion.  This process also allows a
researcher, interested in the ultimate disposition, to easily track backwards,
if necessary, to see the development of the final opinion.  Because the majority refuses to provide that
information in its opinion, I do so in this dissenting opinion.

 

 

Prior History of This Appeal

          The
Court’s opinion affirming the trial court’s judgment, the judgment, and Chief
Justice Gray’s dissenting opinion, all dated October 6, 2004, were withdrawn November 10, 2004 and the Court’s opinion, Chief Justice Gray’s
dissenting opinion, and the judgment of this date are substituted therefore.

      With
these comments regarding the history of this appeal, I now proceed to the
substance of my dissenting opinion.

The Dissenting Opinion

      In
Appellants’ first issue, they contend that there was no evidence of proximate
cause and no evidence that Appellants failed to perform an appropriate
psychiatric screening examination.  See 42 U.S.C. § 1395dd(a) (2000).

      Appellees
contend that Appellants waived their issue by failing to object to the
testimony of one of Appellees’ expert witnesses.  The cases cited by Appellees, to the extent
that they are on point, concern the waiver of objections to the methodological
reliability of expert testimony, not the sufficiency of the evidence.  See Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 409 (Tex. 1998); Crown
Cent. Petroleum Corp. v. Coastal Transp. Co., 38 S.W.3d 180, 190 (Tex.
App.—Houston [14th Dist.] 2001), rev’d, 136 S.W.3d 227 (Tex. 2004); Gen.
Motors Corp. v. Castaneda, 980 S.W.2d 777, 780 n.2 (Tex. App.—San Antonio
1998, pet. denied).[1]  By
making an objection to the charge, filing a motion to disregard jury questions
and for judgment notwithstanding the verdict, and filing a motion for new
trial, all on the grounds that there was no evidence of proximate cause,
Appellants preserved their no-evidence complaint.  See
Kerr-McGee Corp. v. Helton, 133 S.W.3d 245, 259 (Tex. 2004); T.O.
Stanley Boot Co. v. Bank of El
 Paso,
847 S.W.2d 218, 220 (Tex.
1992).

      Lance
Dowell was admitted to the Providence Health
 Center emergency room for treatment of shallow
self-inflicted cuts to his wrists.  A
nurse employed by Appellants performed a psychological evaluation of
Lance.  Appellees contend that Appellants
failed to promulgate or enforce policies for psychological screenings, that the
nurse failed to perform an appropriate screening, and that these failures
caused Lance’s death.  The undisputed
evidence was that when the nurse evaluated Lance, Lance was lucid, calm,
remorseful, stable, and not actively suicidal. 
There is no evidence that, if Appellants had recommended admission to
the DePaul Center, a psychiatric hospital, Lance would have agreed or could have
been compelled to be admitted.  After
Lance was released from Providence to Appellees, and until his death, Appellees
saw nothing out of the ordinary about Lance except that he was “more
withdrawn.”  The day that he was released
from the hospital, Lance visited with his family, went to a rodeo, and visited with
friends.  The next day, he had lunch with
his family and helped a friend bale hay. 
About a day and a half after he left Providence, Lance hanged himself.  Appellees’ expert testified, at most, that
had Lance been admitted to DePaul the probability that he would commit suicide
upon his release would have been reduced.

      Under
these facts, there is no evidence that Appellants’ conduct was a substantial
cause of Lance’s death.  See IHS Cedars Treatment Ctr. of Desoto, Tex., Inc.
v. Ramos, 143 S.W.3d 794,
798-800 (Tex. 2004); Marathon Corp. v.
Pitzner, 106 S.W.3d 724, 727 (Tex. 2003); St.
 Joseph Hosp. v. Wolff, 94 S.W.3d 513, 519-20 (Tex. 2002); Dallas County Mental
Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343-44 (Tex. 1998). 
Accordingly, we should sustain Appellants’ first issue.

      We
should, then, after sustaining Appellants’ first issue, reverse and render
judgment that Appellees take nothing from Appellants.  Therefore, we should not consider Appellants’
other issues.

      Because
the disposition of the first issue would be dispositive of the appeal, I will not
discuss my disagreements, and there are many, with the remainder of the
majority’s opinion.  I note only in
passing that an estate, by that name, is not a proper party to litigation.  Embrey
v. Royal Ins. Co. of Am., 22 S.W.3d 414, 415 n.2 (Tex. 2000); Price
v. Estate of Anderson, 522 S.W.2d 690, 691 (Tex. 1975).  I
also note that two notices of appeal from the same judgment should bear the
same docket number on appeal.  Tex. R. App. P. 12.2(c).  Docketing this cause and Cause No. 10-01-00420-CV,
styled Pettit v. Dowell, as two
separate appeals was improper.

TOM
GRAY

Chief Justice

Dissenting
opinion delivered and filed March 30, 2005

 











[1]       See
also Coastal Transp. Co v. Crown Cent. Petroleum Corp., 136 S.W.3d 227,
231-33 (Tex. 2004); Kerr-McGee Corp. v. Helton, 133 S.W.3d
245, 252 (Tex. 2004).