Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00730-CV

**AML MOTORS, INC.**,
Appellant

v.

Da'mon **THOMAS**,
Appellee

From the County Court at Law No 2, Bexar County, Texas
Trial Court No. 347193
Honorable Linda F. Penn, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  September 29, 2010

REVERSED AND REMANDED

Da'Mon Thomas sued AML Motors, Inc. for breach of contract, fraud, and rescission, asserting Thomas paid AML for extended service or warranty coverage on a car that was ineligible for such coverage. Thomas moved for summary judgment on his breach of contract claim, and AML filed a counter-motion as to all of Thomas's claims. The trial court granted Thomas's motion and denied AML's motion. On appeal, AML contends the trial court erred in granting Thomas's motion and denying AML's motion because: (1) the evidence established

Eagle Warranty Corporation ("Eagle") approved the warranty coverage for Thomas's car; and (2) Thomas's own actions voided the warranty coverage. We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.[1]

## FACTUAL BACKGROUND

On June 24, 2006, Thomas purchased a car from AML. Pursuant to the Retail Buyers Order signed by the parties, Thomas purchased extended service for $500. The Retail Buyers Order listed the car's mileage as 177,302 miles.

To purchase the extended service, Thomas signed an application provided by AML for a Liberty Service Contract. The application listed the car's mileage as 174,302 miles. The Liberty Service Contract terms stated the application would not provide extended service or warranty coverage until received and marked accepted by Eagle. The terms further stated that any vehicle with more than 175,000 miles was not eligible to be covered under the Liberty Service Contract.

On July 15, 2006, the engine of the car Thomas purchased from AML broke down and ultimately seized. On July 20, 2006, Eagle accepted Thomas's application for warranty coverage. The warranty card Eagle sent to Thomas listed the mileage as 174,302 miles. After Eagle denied Thomas's claim for warranty coverage, Thomas sued AML, asserting claims for breach of contract, fraud, and rescission.

## STANDARD OF REVIEW

The standard of review for a summary judgment is well established: (i) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to summary judgment as a matter of law; (ii) in deciding whether there is a disputed fact

---

[1] We note that the trial court's judgment purported to be final even though Thomas only moved for summary judgment as to one of his claims. Because the trial court's order stated that the judgment "is final for all purposes and fully appealable," we have jurisdiction to consider this appeal even though the trial court's order did not dispose of Thomas's fraud and rescission claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 204-06 (Tex. 2001).

issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (iii) every inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985). We review a trial court's summary judgment *de novo. Traveler's Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When both sides move for summary judgment, as they did here, and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary-judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Embrey v. Royal Ins. Co. of Am.*, 22 S.W.3d 414, 415-16 (Tex. 2000).

## DISCUSSION

AML contends Thomas's receipt of a warranty card from Eagle precluded summary judgment in Thomas's favor. AML contends that same evidence conclusively established its right to summary judgment by negating the breach and damages elements of Thomas's claim. Thomas responds that the evidence conclusively established the car he purchased was ineligible for coverage under the Liberty Service Contract; accordingly, the trial court properly granted summary judgment in his favor, awarding him the amount he paid for the coverage, *i.e.*, $500, as damages. We disagree with both parties.

Although the Liberty Service Contract did provide that cars with more than 175,000 miles were ineligible for coverage, a genuine issue of material fact existed as to the exact mileage of the car Thomas purchased. The Retail Buyers Order listed the mileage as 177,302 miles, but the application to Eagle listed the mileage as 174,302 miles. Gary Klasing, an employee of AML, was asked during his deposition whether he thought "the mileage listed on the retail buyer's order is the correct mileage" or whether "the correct mileage is what is written on the application." Klasing responded, "I would really need to see the title work on the car."

Thomas asserts in his brief that the summary judgment cannot be reversed on this basis because AML did not raise this fact issue as a basis for defeating the summary judgment in his response. This assertion ignores that Thomas was the movant and had the burden to establish his right to summary judgment on the issues presented to the trial court by conclusively proving all elements of his cause of action. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). AML, as the non-movant, was not required to file a response to defeat Thomas's motion unless Thomas conclusively established his claim. *Wheeler v. Greeen*, 157 S.W.3d 439, 442 (Tex. 2005). "Summary judgments must stand on their own merits." *Rhone-Poulenc, Inc.*, 997 S.W.2d at 223. "Accordingly, on appeal, the nonmovant need not have answered or responded to the motion to contend that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment." *Id*. "On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Id*. In this case, Thomas failed to conclusively establish his claim because the summary judgment evidence, including Klasing's deposition excerpt which was attached to Thomas's motion, failed to conclusively establish that Thomas's car was ineligible for warranty coverage.

AML contends that summary judgment should have been granted in its favor because Eagle sent Thomas a warranty card and Thomas admits in his brief that Eagle denied Thomas's claim for reasons other than the mileage exclusion. We initially note that no summary judgment evidence was submitted to establish the basis upon which Eagle denied coverage. Moreover, no summary judgment evidence was presented to conclusively establish that Eagle would have provided Thomas the warranty coverage if the car's mileage had exceeded 175,000 miles. Although Eagle could have waived the exclusion, no summary judgment evidence was presented

to conclusively establish that Eagle did so in this case. If the car's mileage exceeded 175,000 miles and Eagle would not have provided the warranty coverage based on the car's ineligibility, then fact issues remain with regard to whether AML breached the Retail Buyers Order by failing to provide the extended service coverage it had sold to Thomas.

AML finally contends that summary judgment should have been granted in its favor because Thomas's deposition testimony established that he continued driving the car after he was on notice of potential engine problems which would have provided an additional basis on which Eagle could have denied Thomas's claim. AML contends this would conclusively negate the damages element of Thomas's cause of action. This contention ignores, however, that Thomas's claim is for a breach of the Retail Buyers Order based on AML's failure to provide Thomas with extended service coverage. If AML breached the agreement by failing to provide Thomas coverage, then the damages would be the $500 Thomas paid for coverage he never received. Evidence that Thomas would have been denied coverage under a warranty that he never received is immaterial to this issue.

## CONCLUSION

The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Marialyn Barnard, Justice