**Opinion issued April 30, 2024**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-23-00125-CV

———————————

**VICTOR ANTHONY CHARLES, JR., Appellant**

**V.**

**ESTATE OF ROSE KORNBACHER, Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-05763**

---

## MEMORANDUM OPINION

Appellant Victor Anthony Charles, Jr., acting pro se, appeals the trial court's judgment in favor of the Representative of the Estate of Rose Kornbacher holding the estate "remain[ed] the holder[] of record title" of certain property in Harris County, Texas. In a single issue, Charles argues the Estate lacked standing to

bring the lawsuit and thus the trial court lacked subject matter jurisdiction over the matter.

We affirm.

## Background

In January 2021, the Estate of Rose Kornbacher sued Victor Anthony Charles, Jr. in connection with an ownership dispute concerning certain property in Houston, Texas (the "Property"). Joseph C. Kornbacher and his wife Rose Kornbacher purchased the Property in 1968. They lived together on the Property from 1968 until Joseph died in 2006. After 2006, Rose continued to live on the Property until her death in 2018.

The underlying litigation was filed after the Kornbachers' nephew, Eric Roberts, learned that someone was seeking to open title with a title company to close on a sale of the Property. Roberts was contacted by Charles, who told him he had purchased the Property from Joseph. Roberts advised Charles that Joseph "died in 2006, and certainly did not sell the property to him." The Estate sought to enjoin Charles from obtaining access to the Property and from "the exercise of any control over the real estate including soliciting or otherwise participating, directly or indirectly, in any financial agreements relating to the real estate." Arguing that Charles forged a deed to the Property, the Estate asserted claims for violation of

2

Section 12.002 of the Texas Civil Practice and Remedies Code,[1] trespass to try title, suit to quiet title, and for a declaratory judgment seeking a declaration that Charles had no interest, title, or right to the Property, among other things. The Estate also sought injunctive relief and attorney fees under Sections 12.002 and 37.009[2] of the Civil Practice and Remedies Code.[3]

Charles filed a general denial, and later a motion for summary judgment and plea to the jurisdiction seeking dismissal of the claims. He argued (1) the Estate

---

[1] Section 12.002 of the Civil Practice and Remedies Code provides in pertinent part:

> A person may not make, present, or use a document or other record with:
>
> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>
> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>
> (3) intent to cause another person to suffer:
>
> > (A) physical injury;
> >
> > (B) financial injury; or
> >
> > (C) mental anguish or emotional distress.
>
> TEX. CIV. PRAC. & REM. CODE § 12.002(a).

[2] Chapter 37 of the Civil Practice and Remedies Code is the Uniform Declaratory Judgments Act.

[3] Henry Leon Campbell, the notary public who notarized the deed, was also named as a defendant in the lawsuit. Campbell was nonsuited at trial and is not a party to this appeal.

lacked standing because it had not initiated proper probate proceedings in the probate court to legally establish an estate, (2) no will had been provided to establish an administrator or executor, (3) the Estate "failed to timely initiate probate proceedings to establish heirship" with respect to the Kornbachers, who apparently died intestate, (4) limitations precluded the Estate from timely transferring property from Joseph's estate to Rose's estate, and (5) the district court lacked jurisdiction because the matter involved probate proceedings. Charles also asserted there was no longer a live controversy because he filed an "Affidavit of Release of Title and Deed" with the Harris County Real Property Records, "thereby restoring Title and Deed to Joseph C. Kornbacher."

The Estate responded that Charles was precluded from asserting unpled affirmative defenses in its summary judgment motion and it objected to the court's consideration of any such unpled defenses. On the merits, the Estate responded that there were fact issues precluding summary judgment because contrary to Charles' contention, the Property was owned by both Joseph and Rose. It further responded that the district court had concurrent jurisdiction with the statutory probate court over the case, that limitations did not foreclose the Estate's causes of action, and that Charles's "Affidavit of Release of Title and Deed" was defective and did not resolve all controversies. In his summary judgment reply, Charles

4

argued the trial court lacked jurisdiction because the lawsuit was initiated by the Estate and an estate, which is not a legal entity, cannot sue or be sued.

The trial court denied Charles's motion for summary judgment and plea to the jurisdiction. Charles filed a motion for reconsideration of the trial court's ruling and the Estate filed a response. The record does not reflect a written order on the motion.

The trial court conducted a bench trial and on December 27, 2022, it rendered final judgment in favor of the Estate of Rose Kornbacher, through its personal representative, Eric Roberts. The final judgment provides in pertinent part:

> On December 14, 2022 this case was called to trial, without a jury. Plaintiff, ESTATE OF ROSE KORNBACHER, through its personal representative, ERIC ROBERTS, appeared for trial, represented by counsel who announced "ready" for trial. Defendant VICTOR ANTHONY CHARLES, JR., representing himself *pro se*, appeared and announced "ready" for trial. Defendant HENRY LEON CAMPBELL did not appear and was non-suited by Plaintiff.
>
> . . .
>
> Plaintiff's suit alleges that Defendant VICTOR ANTHONY CHARLES, JR. filed with the Harris County records a forged deed to the above-identified real estate. Defendant CHARLES has admitted in open court that he no longer asserts any interest in the subject real estate, and is in agreement with a finding that title to the subject real estate rightfully lies with JOSEPH and ROSE KORNBACHER . . . .
>
> ACCORDINGLY, IT IS ORDERED, ADJUDGED and DECREED that JOSEPH and ROSE KORNBACHER (both now Deceased) remain the holders of record title and subsequent filings of

5

conveyance of the subject real estate that are inconsistent with this ruling are held to be void.

This Court having admitted documentary evidence, heard testimony of witnesses, weighed the arguments of counsel and reviewed the applicable law, makes the following findings and rulings:

Plaintiff has presented sufficient evidence to establish Plaintiff's right to actual damages under Section 12.002 *et seq*[.] of the Texas Civil Practice & Remedies Code, in the amount of $10,000.

ACCORDINGLY, it is ORDERED, ADJUDGED and DECREED that judgment is rendered against Defendant VICTOR ANTHONY CHARLES, JR. and in favor of Plaintiff, ESTATE OF ROSE KORNBACHER, DECEASED, through its personal representative, ERIC ROBERTS, in the amount of $10,000.

Plaintiff has also presented sufficient evidence to establish that the conduct of Defendant VICTOR ANTHONY CHARLES, JR. was committed with such extreme and wanton disregard for the rights of others as to merit the imposition of punitive damages;

ACCORDINGLY, it is ORDERED, ADJUDGED and DECREED that judgment is rendered against Defendant VICTOR ANTHONY CHARLES, JR. and in favor of Plaintiff, ESTATE OF ROSE KORNBACHER, DECEASED, through its personal representative, ERIC ROBERTS, in the amount of $75,000 as punitive damages.

The trial court denied the Estate's request for attorney fees.

Charles filed a motion for new trial and plea to the jurisdiction, asserting the trial court lacked jurisdiction because the Estate of Rose Kornbacher is not a legal entity and thus lacked standing to sue. The trial court denied the motion and plea by written order on February 7, 2023. This appeal ensued.

6

## Discussion

In his sole issue on appeal, Charles argues the trial court lacked subject matter jurisdiction because the Estate of Rose Kornbacher lacked standing to file suit. He argues that because an estate is not a legal entity it can neither sue nor be sued.[4, 5]

---

[4] Charles's notice of appeal indicates he is appealing from the final judgment and the denial of his motion for new trial and plea to the jurisdiction. His appellate brief, however, does not delineate separate arguments for either order. Rather, the brief is based entirely on Charles's argument that the Estate lacked standing to sue and thus the court lacked subject matter jurisdiction. We address this sole issue on appeal.

[5] Charles states in his brief that the trial court abused its discretion by denying his summary judgment motion. But Charles did not identify the summary judgment in his notice of appeal. Charles only identified the final judgment and the order denying his motion for new trial and plea to the jurisdiction in his notice of appeal. The denial of his summary judgment is thus not before us. *See Ortiz v. St. Teresa Nursing & Rehab. Ctr., LLC*, 579 S.W.3d 696, 702 (Tex. App.—El Paso 2019, pet. denied) ("[W]e are precluded from considering an appeal from an order never identified in the notice of appeal.") (quoting TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or *order appealed from.*") (emphasis in original)). Moreover, even if we could consider the order on his summary judgment motion, we would not find in favor of Charles. "It is well established that an order denying summary judgment is not reviewable on appeal after the case has been tried on the merits." *Wil-Roye Inv. Co. II v. Washington Mut. Bank, FA*, 142 S.W.3d 393, 399 (Tex. App.—El Paso 2004, no pet.) (citing *Reese v. Duncan,* 80 S.W.3d 650, 665 (Tex. App.—Dallas 2002, pet. denied)); *see also Cullum v. White*, 399 S.W.3d 173, 188 (Tex. App.—San Antonio 2011, pet. denied) ("The denial of a motion for summary judgment is not reviewable after a trial on the merits."); *Lambertz v. Montz*, No. 01-11-00491-CV, 2012 WL 3042996, at *4 (Tex. App.—Houston [1st Dist.] July 26, 2012, no pet.) (mem. op.) ("As a general matter, appellate courts do not have jurisdiction to hear the denial of a motion for summary judgment on appeal.") (citing *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966)).

## A.    Standard of Review

"Without standing, a court lacks subject matter jurisdiction to hear [a] case." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)).  We review questions of standing *de novo*.  *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (citing *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004)).  In our *de novo* review of standing, we "construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties."  *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).

## B.    Standing

A decedent's estate "is not a legal entity and may not properly sue or be sued as such."  *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 786 (Tex. 2006) (citing *Austin Nursing Ctr.,* 171 S.W.3d at 849).  A suit on behalf of an estate must thus be brought by the personal representative of the estate.  *See Austin Nursing Ctr.*, 171 S.W.3d at 849 ("Although a minor, incompetent, or estate may have suffered an injury and thus have a justiciable interest in the controversy, these parties lack the legal authority to sue; the law therefore grants another party the capacity to sue on their behalf."); *see also Miller v. Est. of Self*, 113 S.W.3d 554, 556 (Tex. App.—Texarkana 2003, no pet.) (holding "[a] suit seeking to

establish the liability of an estate should be filed against the personal representative" of the estate).

In some cases, however, a judgment involving an estate without a named representative "may be valid." *Embrey v. Royal Ins. Co. of America,* 22 S.W.3d 414 (Tex. 2000). In *Embrey v. Royal Ins. Co. of America,* the "Estate's representative was not named by either party, and the court of appeals' judgment list[ed] the appellants as 'James Embrey, Guardian of Donald L. McNeilly, and the Estate of Donald L. McNeilly." 22 S.W.3d at 415 n.2. The Supreme Court explained that while "[a]n estate itself is not a legal entity and therefore cannot sue or be sued[,] . . . if the personal representative of an estate participates in the case, the judgment involving the estate may be valid." *Id.*[6]; *see also Estate of C.M. v. S.G.*, 937 S.W.2d 8, 10 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("A judgment against an estate individually is not necessarily void . . . if the personal representative of the estate appears in or participates in the lawsuit."); *Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex. App.–Houston [1st Dist.] 1991, no writ) ("[A] suit on behalf of a decedent's estate is a nullity, unless the estate's personal

---

[6]    In *Embrey v. Royal Ins. Co. of America,* 22 S.W.3d 414 (Tex. 2000), the estate's purported representative was a party to the suit in his capacity as the decedent's guardian. *Id.* at 415. The trial court rendered an agreed judgment in favor of the guardian and the decedent's estate and no party objected, thus the court assumed the guardian was the estate's representative. *Id.* at 415 & n.2.

representative appears in or participates in the suit.") (citing *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex. 1975)).

The level of necessary "participation" required by the personal representative is not defined and appears to be case-specific. *See Dueitt*, 802 S.W.2d at 861 (holding representative participated in case by attaching affidavit to petition that verified estate's petition, and similar affidavit was attached to summary judgment response); *Bernstein v. Portland Sav. & Loan Ass'n,* 850 S.W.2d 694, 700 (Tex. App.—Corpus Christi 1993, writ denied) (holding representative participated because he was served and he filed motion for sanctions, memorandum, and amended answers individually and as estate's personal representative); *cf. Garcia v. Guerrero*, No. 04-09-00002-CV, 2010 WL 183480, at *2 (Tex. App.—San Antonio Jan. 20, 2010, no pet.) (mem. op.) (holding judgment awarded estate was not void because judgment identified personal representatives of estate and they participated at trial); *compare with Miller*, 113 S.W.3d at 558 (holding representative who was served but did not attend trial or file any documents in his capacity as personal representative did not participate in lawsuit); *Supak v. Zboril*, 56 S.W.3d 785, 794 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding representative who appeared at trial but was not identified in pleadings or other documents did not "participate[] sufficiently in

the case as the purported representative of [the decedent's] estate to make the judgment binding against him in that capacity").

In *Supak v. Zboril*, our sister court held the trial court lacked jurisdiction to order an estate to pay attorney fees in connection with a property dispute because there was no evidence that anyone had actively participated in the case as the personal representative of the estate. 56 S.W.3d at 794. In arguing the judgment against the estate was valid, the appellees relied on two "courtroom exchanges that took place before trial began" to prove Michael Kubena had appeared at trial as the personal representative for the Estate of Eugene Kubena.[7] *Id.* at 794. First, during voir dire, the appellees' attorney introduced Kubena and stated, "So Mike Kubena will be representing that family in this litigation, or at least I presume that's the case." *Id.* Second, the trial counsel for appellants requested that Kubena not be excluded from the courtroom as a witness under Texas Rule of Evidence 614,[8] "identifying him as 'the representative for the estate.'" *Id.* After questioning Kubena about the estate, appellees' attorney said he had "no objection to [Kubena] sitting in." *Id.* The appellate court rejected the appellees' arguments, noting that

---

[7]   Eugene Kubena, a named defendant in the suit, "died at some point after the [lawsuit] was filed, but before the trial that led to [the] appeal." *Supak v. Zboril*, 56 S.W.3d 785, 793 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

[8]   Texas Rule of Evidence 614 states in pertinent part, "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." TEX. R. EVID. 614. The representative of a party that is not a "natural person" generally is not subject to the rule. *Id.* at 614(b).

11

while Kubena had testified at trial, he had done so only in his individual capacity as a fact witness. *Id.* The appellate court further noted that "neither the estate of Eugene Kubena, nor any representative of the estate, was ever made a party of th[e] lawsuit." *Id.* at 793. Thus, the trial court lacked jurisdiction to enter an order binding the estate.

Unlike in *Supak*, the Estate was a named party in the underlying suit. The judgment was rendered in favor of "the Estate of Rose Kornbacher, Deceased, *through its Personal Representative*, Eric Roberts." (Emphasis added.) And the judgment states that "the ESTATE OF ROSE KORNBACHER, through its personal representative, ERIC ROBERTS, appeared for trial, represented by counsel who announced 'ready' for trial."

We cannot discern from the appellate record the extent of Roberts' participation during trial. The reporter's record from the trial is incomplete[9] and lacks any documentary evidence, witness testimony, or arguments by the parties, all of which the trial court considered, according to the judgment.[10] In the absence of a complete reporter's record, we must presume the evidence presented during trial supported the trial court's judgment in favor of Eric Roberts as the

---

[9] The only reporter's record is an excerpt of a conversation during trial about which pleading was the live pleading.

[10] The judgment states that the court "admitted documentary evidence, heard testimony of witnesses, weighed the arguments of counsel and reviewed the applicable law[.]"

12

representative of the Estate of Rose Kornbacher. *See Burton v. Prince*, No. 14-17-00783-CV, 2019 WL 1339655, at \*3 (Tex. App.—Houston [14th Dist.] Mar. 26, 2019, no pet.) (mem. op.) ("Absent a complete record, we must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's judgment."); *see also Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("The appellant bears the burden to bring forward on appeal a sufficient record to show the error committed by trial court."); *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order.").

Given the wording of the final judgment and the lack of reporter's record, we conclude Roberts participated in the case as the Estate's personal representative and thus the trial court had jurisdiction to enter judgment in favor of the Estate of Rose Kornbacher, through its personal representative, Eric Roberts. We overrule Charles's sole issue.

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.